Cox vs. the State.

COX vs. THE STATE,

1. An appeal from the judgment of a justice, under the act to regulate the proceedings of Justices' Courts, in cases of breach of the peace, R. C. 1835, must be perfected on the day of trial.

2. Such appeals are not governed by the act to regulate proceedings of Justices' Courts, in civil cases.

APPEAL from Platte Circuit Court.

Tompkins, J. delivered the opinion of the court.

The defendant, Cox, was on the seventh day of March, 1843, found guilty before a justice of the peace of Platte county, of a breach of the peace. On the same day, he prayed an appeal, and it was perfected on the day following, to wit: on the 8th day of March, 1843.

When the cause came into the circuit court on this appeal, the appeal was dismissed on the motion of the circuit attorney, and the judgment of the justice affirmed.

The act of 20th January, 1835, in the Digest of 1835, page 572, regulates the proceedings of justices' courts in cases of breach of the peace. The 15th section of that act provides that any person convicted under it, may appeal to the circuit court, if he shall on the day of the rendition of the judgment, file an affidavit stating that he verily believes himself aggrieved by the verdict and judgment, and also enter into a recognizance with sufficient securities, householders of the county, &c.

The 19th section of the same act declares that, "if the appeal shall

Cox vs. The State.

not be taken and perfected on the day of rendering judgment by the justice, the judgment shall be affirmed." The excuses for not perfecting the appeal on the day of trial, will be passed over without any notice, save that if there had not been time enough to perfect the appeal on the day of the commencement of the trial, the trial might have been continued till the next day, as must necessarily be the case, where one day is not long enough to finish the trial.

For the appellant, it is contented, that by the 22d section of this act, he is entitled to all the privileges granted to appellants, by the act to regulate proceedings in justices' courts in civil cases, that is to say, that by the 3d section of the 8th article of that last act, he may appeal at any time within ten days, and that by the 12th section of the same act, "the appeal shall not be dismissed on account that there is no recognizance, or that the recognizance given is defective, if the appellant will before the motion to dismiss is determined, enter before the circuit court into such recognizance, &c."

The 22d section of the act under which the trial was had, and under which these above mentioned privileges are claimed, is in these words: "22d, In all cases not specially provided for by this act, (the act to regulate proceedings in justices' courts in cases of breach of the peace,) the process and proceedings before the justice, shall be governed by the laws regulating proceedings in justices' courts in civil cases."

This act seems to provide in the most special manner, for taking an appeal on trials for a breach of the peace. As above mentioned, the 15th section provides, "that the person convicted may appeal, if he shall, on the day of the rendition of the judgment, file an affidavit stating, &c., and also enter into a recognizance with sufficient securities, &c." The appeal being given on condition, that these things be done on the day of the rendition of the judgment, it might reasonably be supposed that the appeal ought not to be allowed, unless the terms were complied with. But if any room for doubt on that head were left, that doubt is settled by the 19th section, which declares that, "if the appeal be not taken and perfected on the day of rendering the judgment by the justice, the judgment shall be affirmed." Proceedings against persons for a breach of the peace, are necessarily more strict than in civil cases. It is easy to be perceived, that if persons convicted of such offences were permitted to appeal, and prosecute such appeal as in civil cases, many, inconveniences would ensue; and many of the provisions of this act would be futile. The appellants, in most cases, having given no recognizance, would abscond.

The judgment of the circuit court is affirmed.