THE STATE v. THOMPSON, *Appellant.*

1. **Appeal, Sufficiency of Bond.**  An appeal bond, on appeal from a justice of the peace, which recites that the appellant shall personally appear at the circuit court on the first day of the next term, then and there to answer the charge against him, and shall pay and satisfy the said judgment, and all costs which have accrued or may accrue on said appeal, and otherwise abide the judgment of said court, and not depart the court without leave, substantially complies with the requirements of the statute.   R. S. 1879, § 2058.

2. **Appeal:** DISMISSAL: NEW BOND.   Where a party on appeal from a justice, submits himself to the jurisdiction of the circuit court, although upon an irregular bond, and, before dismissal, tenders an unobjectionable bond, he should be allowed, under the statute, (R. S. 1879, §§ 2077, 3053,) to give it, rather than to have his appeal dismissed.

3. ——— : ——— : COSTS.   Where the appellant's appeal is dismissed for want of jurisdiction, the court, nevertheless, has authority to render judgment against him for costs improvidently incurred therein.

4. **Criminal Law:** INFORMATION.   A criminal prosecution cannot be founded upon the affidavit of a private citizen.   Such proceeding upon information must be filed by the prosecuting attorney.

*Appeal from St. Clair Circuit Court.*—HON. C. G. BURTON, Judge.

REVERSED.

*Johnson & Lucas* for appellant.

The bond of defendant substantially complied with all the requirements of the statute. *Gary v. State,* 4 Tex. L. Jour. 487. The new bond should have been filed. R. S. 1879, § 3058; *Matthews v. Glass,* 22 Mo. 160; *State v. Richards,* 77 Ind. 101. An appeal bond on an appeal from a justice, not taken in time, is void. *Moore v. Damon,* 4 Mo. App. 111. When a court has no jurisdiction, no judgment for costs can be recovered. *Badets v. Hoey,* 5 Cent. L. Jour. 195. All prosecutions must be by indictment or information. Const. of Mo., art. 2, § 12. And the term information should be construed technically. 4 Blackstone's Com., (Sharswood's Ed.) pp. 307, 308, 309; *State v. Huddleston,* 75 Mo. 667; *State v. Sebecca,* 76 Mo. 55. The complaint should set forth the words alleged to be slanderous. *Parsons v. Bellows,* 25 Am. Dec. 461; Folkard's Starkie on Slander and Libel, p. 871, § 911.

*D. H. McIntyre,* Attorney General, for the State.

The court committed no error in dismissing the appeal. It was the duty of the defendant to file his affidavit and bond immediately after judgment was rendered. R. S. 1879, § 2058. The terms and conditions of the recognizance are given in the statute, and to be valid it should be " in the form prescribed for that purpose." *State v. Randolph,* 22 Mo. 474. The court did not err in refusing to allow defendant to file the proposed new bond, or to amend his bond. There is no statute allowing it. There is no appeal until a recognizance has been entered into and received the approval of the justice. *State v. Steamboat Convoy,* 10 Mo. 513. After the time for taking the appeal had passed, the judge of the circuit court, nor any other officer, had any right to take the recognizance. *Adams v. Wilson,* 10 Mo. 341. No error was committed in entering judgment against defendant for costs. *Ensworth v. Curd,* 68 Mo. 282.

Philips, C.—This is a prosecution instituted in a justice's court, under section 1590, Revised Statutes, 1879, on the affidavit of a private citizen. On trial before the justice, the defendant was found guilty, and a fine of $1 assessed. He appealed to the circuit court. The circuit court, on motion of the State, dismissed the case for the want of jurisdiction, holding that the defendant had not perfected his appeal in time in the justice's court. From this action of the circuit court, the defendant has appealed to this court.

I. By section 2058, Revised Statutes 1879, the defendant appealing is required to enter into a recognizance, the conditions of which may be summarized as follows: That he will appear in the appellate court; prosecute his appeal with diligence; if judgment be affirmed, or judgment be given against him, he will pay or abide by the same, nor depart the court without leave; if appeal be dismissed, he will pay the judgment, and render himself in execution. The recitals of the bond, in substance, are, that the defendant shall personally appear at the circuit court on the first day of the next term, etc., then and there to answer the charge, and shall pay and satisfy the said judgment and all costs which have accrued before the said justice, or which may accrue on said appeal, and otherwise abide the juagment of the said court, and shall not depart the court without leave, etc. This bond embraced the most important provisions of the statutory bond. It required the personal appearance of the accused in the appellate court, at the proper time, to answer the charge, and to pay and satisfy the judgment and all costs of the justice's court, as well as any to accrue, and to abide the action of the circuit court and not depart without leave. Its omissions of the statutory conditions are, to pay the judgment of the justice if his appeal should be dismissed, and to render himself in execution if required. But, I think, the terms of his bond were comprehensive enough to require the payment of the

judgment of the justice, in the event of the dismissal of his appeal; because it provides that he "shall pay and satisfy the said judgment * * and abide the judgment of the court." The legal effect of the dismissal of his appeal would be to leave the judgment of the justice in force, and to be satisfied. The requirement of his bond "to abide the judgment of the court and not depart without leave," is equivalent to a condition to "render himself in execution." For he could not depart the court without satisfying the judgment by payment, or submission to corporal execution. In *Gary v. State*, 11 Texas App. 527, it was held that an appeal bond in such a case, which merely required the appearance of the prisoner before the appellate court from day to day was sufficient, although it omitted the statutory condition, "to answer the accusation against him," the condition specified in the bond being, in legal effect, the same as the statutory provision.

II. And I am satisfied that the court should have permitted the defendant to give the additional bond tendered, rather than dismiss his appeal. The party was present in court. He submitted himself to the court's jurisdiction; and on the suggestion of the county attorney, that his appeal bond was irregular, and before any dismissal therefor, he tendered a sufficient bond, good in form, and unobjectionable so far as the bondsmen were concerned. This met every reasonable end of the law. By section 3053, Revised Statutes 1879, it is provided, that: "No appeal allowed by a justice shall be dismissed for want of an affidavit or recognizance, or because the affidavit or recognizance made or given is defective or insufficient, if the appellant or some person for him will, before the motion to dismiss is determined, file in the appellate court the affidavit required, or enter into such recognizance as he ought to have entered into before the allowance of the appeal, and pay all costs that shall be incurred by reason of such defect or omission, etc." Under precisely such a statute, the supreme court of Indiana, in the *State v. Richards*, 77 Ind. 101, held

that the recognizance, given for the purpose of effecting an appeal from a justice of the peace in a criminal case, is an appeal bond, within the meaning of said section, and was, therefore, amendable by new bond. And especially was this construction to be indulged, because of another section of the statute, which declared that no proceeding upon such recognizance should be defeated, on account of any defect of form or omission of recital, condition or undertaking therein, or of any other irregularity, so that it be made to appear from the whole record or proceeding, that the defendant was in legal custody, charged with a criminal offense, etc. This provision will be found in section 2077, Revised Statutes of Missouri, 1879. It would be inconsistent, if not absurd, to say that, while on the appeal bond given in this case by the defendant, he and his sureties would be held on a *scire facias* for a forfeited recognizance, the same bond was ineffectual as an appeal bond. The strict construction placed upon the proceeding by the trial court, is not in harmony with the spirit of the entire statute.

III. Counsel have discussed, in their briefs, the question of the right of the circuit court, on its theory that it had not jurisdiction to try the case because the appeal was not perfected, to render a judgment against the defendant for costs. There is strong authority in favor of the proposition, that as the court had not acquired jurisdiction over the subject matter by the appeal, the only act it could perform, was to dismiss the case from its docket. *McIver v. Wattles*, 9 Wheat. 650; *Strader v. Graham*, 18 How. 602; *Bradstreet v. Potter*, 16 Pet. 318; *Hornthall v. The Collector*, 9 Wall. 560; *Mitchell v. Kennedy*, 1 Wis. 511; *Pratt v. Brown*, 4 Wis. 188; *See Bartels v. Hoey*, 3 Colorado 279, where the authorities are collected. But this question was passed on by this court in *Ensworth v. Curd*, 68 Mo. 235. Hough, J., in delivering the opinion of the court, said: "When the court dismissed the plaintiff's suit for want of jurisdiction, it had authority to render a judgment against

him for costs *he had improvidently incurred there." No authorities are cited, but the opinion is sustained by most respectable authority. For a long time the supreme court of Massachusetts supported the doctrine of the cases above named, but afterward established a contrary rule in favor of the right of the court, on dismissal of the action, for want of jurisdiction, to render judgment against the party turned out of court for the costs therein made. *Jordan v. Dennis*, 7 Met. 590; *Hunt v. The Inhabitants of Hanover*, 8 Met. 343; *Elder v. Dwight M. Co.*, 4 Gray 201. The court placed their decision on a provision of the statute of that state which is like that of section 990 Revised Statutes of Mo.: "In all civil actions or proceedings of any kind, the party prevailing, shall recover his costs against the other party, except in those cases in which a different provision is made by law." This stands to reason. Although the court is without jurisdiction to hear and determine the subject matter of the action, yet the party, by bringing his action improvidently, calls his adversary into court. And to bring the jurisdictional question before the court, the adverse party must file his motion, or other appropriate plea raising the issue. The court must pass on this plea. It has jurisdiction to determine the issue thus raised, and must adjudicate in that particular. If the motion be sustained, the party prevails on that issue, and he is, under the section of the statute above quoted, entitled to judgment for his costs. See *Call v. Mitchell*, 39 Me. 465; *Bennett v. Green*, 46 Me. 499.

IV. It appears from this record, that the prosecution was founded upon the affidavit of a private citizen. Such proceedings, on information, must be filed by the prosecuting attorney. *State v. Kelm*, 79 Mo. 515. The justice of the peace, therefore, had no jurisdiction to try the offence, and his judgment was unauthorized.

The judgment of the circuit court is reversed, and the prosecution dismissed. All concur.