STATE OF MISSOURI, Respondent, v. J. P. HERMAN, Appellant.

Kansas City Court of Appeals, February 8, 1886.

APPEAL—TRIAL BEFORE JUSTICE FOR MISDEMEANOR—CONSTRUCTION OF SECTION 2058, REVISED STATUTES.—The provision of the statute, (sect. 2058, Rev. Stat.), in the case of conviction for misdemeanor in a trial before the justice of the peace, which requires that an appeal, in such cases, shall be taken *immediately* after judgment is rendered, "will not be so literally construed as to have the effect of denying to defendant the right of appeal." *State v. Anderson*, 84 Mo. 524.

APPEAL from St. Clair Circuit Court, HON. CHARLES G. BURTON, Judge.

*Reversed and remanded.*

Statement of case by the court.

Appellant was arrested on the twenty-ninth day of July, 1884, on the charge of illegally selling intoxicat-

ing liquor, taken before a justice of the peace, tried and convicted, and immediately demanded an appeal to the circuit court, whereupon he was again arrested, on a second charge, and on entering into his individual recognizance, was discharged until the next day, when he was tried and convicted on said second charge, the trial lasting till ten o'clock at night, when he was then and there arrested on a third charge at ten o'clock p. m. of that day, and discharged until the next day, when he was again tried and convicted, and thereupon he again applied for an appeal in all the cases. The justice granted an appeal on said last conviction and refused to grant in the other cases. Appellant then prayed the circuit court for a rule compelling the justice to grant an appeal or show cause, which, on hearing, the court discharged, and to which action of the court appellant excepted and brings the case to this court.

JOHN H. LUCAS, for the appellant.

I. Upon appellant's offer and proposal to appeal, the statute (sect. 3044, Rev. Stat.) requires the justice, on the request of the appellant to prepare bond and affidavit. This was requested, but the justice, instead of so doing, again had him arrested, and required him to enter into a recognizance for his appearance the next day. Sections 2058 and 3044 are to be construed together. *State v. Thompson*, 81 Mo. 166.

II. The action of the justice in the arrest of defendant *immediately* on his first conviction, and before defendant had opportunity to prepare bond and affidavit, deterred defendant from going further than he did in the premises, and excused him from *immediately* filing his *affidavit* on his first conviction; and his duress being continuous from the first cause to the determination of the last trial strongly appeals to the court for a liberal construction of section 2058, *supra*. The supreme court of this state in *State v. Anderson* (84 Mo. 524), held that the word "immediately," will not be so literally construed as to have the effect of denying to defendant

the right of appeal. In this case, the action of the trial court does have such effect. See, also, *State v. Thompson,* *supra.*

B. G. BOONE, Attorney-General, EMMET PHILIPS and M. A. FYKE, for the respondent.

I. Section 2058, Revised Statutes, provides "any person convicted before a justice of the peace for any misdemeanor * * * may appeal to the circuit court * * * if he shall immediately after judgment is rendered file an affidavit * * * and also enter into a recognizance, in such sum as the justice may deem proper," etc. The record shows conclusively that no affidavit, was made until two days after defendant was convicted in the first case and one day after he had been convicted in the second case. The record fails to disclose any request made by defendant upon the justice for an appeal, or that the justice prepared an affidavit.

II. This case is unlike that of *State v. Thompson* (81 Mo. 166). In that case the affidavit was filed immediately after the conviction; the question was as to the sufficiency of the bond. The court merely held that an informality in the bond (affidavit and bond having been filed and appeal granted), would not justify a dismissal of the appeal.

III. The arrest of defendant on a second charge did did not place him in such duress as to obviate the necessity of filing his affidavit and bond immediately, for it appears that he was released upon his own recognizance.

IV. The appeal, as prayed, was not in compliance with the statute.

ELLISON, J.—The evidence as shown by the record in this cause, was that defendant demanded an appeal immediately upon his first conviction on the twenty-ninth. That he was thereupon arrested on a second charge of the same kind and the case continued till the next day, the thirtieth, when he was again tried and convicted, the trial lasting till ten o'clock at night. Im-

mediately upon this second conviction, and at this hour in the night, he was again arrested and the cause was continued till next day the thirty-first, when he was again convicted and again he demanded an appeal; this time on all three cases. The justice allowed the appeal on the last conviction, but refused it on the first two. It does not appear that defendant demanded an appeal on his second conviction, which was had late at night, until next day. We think the rule should have been granted by the circuit court, as to the second conviction. On the first conviction defendant demanded his appeal, but presenting no affidavit or bond. It becomes the duty of the justice on request of defendant to make out for him his affidavit and recognizance. Section 3044, Rev. Stat. But defendant made no such request, and there is nothing to show he might not reasonably have taken his appeal in the following twenty-four hours. He was discharged on his own recognizance. His final demand on the second day after his conviction, which was refused by the justice, thereby doing away with the necessity of tendering bond and affidavit, was too late unless some reason appeared to excuse the delay. The conviction in the second case, as has been stated, was late at night and defendant was immediately placed under arrest on another charge of the same nature. Under such circumstances we think his demand for an appeal next day, immediately after his third and last trial, in time, and it should have been granted. Section 2058, Revised Statutes, requires an appeal in such cases to be taken immediately after conviction, but it "will not be so literally construed as to have the effect of denying to defendant the right of appeal." *State v. Anderson*, 84 Mo. 524.

The judgment will be reversed and the cause remanded. The other judges concur.