STATE OF MISSOURI, Respondent, v. JOEL COOK, Appellant.

St. Louis Court of Appeals, May 8, 1888.

1. APPEAL—DISMISSAL.—It is error to dismiss an appeal from a justice of the peace, in a criminal proceeding, and to strike the cause from the docket, on the ground that no recognizance was given and no appeal perfected, when the appellant had filed with the justice an affidavit for an appeal, and appears in the circuit court before the determination of the motion to dismiss, tendering a sufficient recognizance and asking for a trial.

2. APPEAL—JUDGMENT ON VOID RECOGNIZANCE.—A judgment against the surety in an appeal recognizance, when the court at the same time refuses to accept the recognizance and denies the existence of an appeal, is irregular and void.

APPEAL from the New Madrid Circuit Court, HON. W. H. MILLER, Special Judge.

*Reversed and remanded.*

WILSON CRAMER, for the appellant: The statute relating to appeals from justices of the peace, in cases of misdemeanor (Rev. Stat., sec. 2058), provides that defendant "may appeal if he shall immediately, after judgment is rendered, file his affidavit, stating that he is aggrieved by the verdict and judgment in the case, and that he does not make his appeal for vexation or delay, and shall also enter into a recognizance," etc. It is the filing of the affidavit, which was done in the case at bar,

immediately after the judgment, that transfers the jurisdiction. The bond simply stays the execution of the judgment. Rev. Stat., sec. 2058; *State v. Anderson*, 84 Mo. 524; *State v. Harmon*, 20 Mo. App. 548; *State v. Clevenger*, 20 Mo. App. 626.

RILEY & ARNOLD, for the respondent.

PEERS, J., delivered the opinion of the court.

This is a prosecution begun before a justice of the peace under section 1483 of the Revised Statutes, against defendant as mayor of the city of New Madrid, for alleged oppression and partiality in office. Defendant was convicted before the justice, and immediately upon the return of the verdict presented his affidavit for an appeal to the circuit court. In answer to a rule made on him the justice filed with the circuit court a transcript showing the conviction of the defendant and the fact that the affidavit for an appeal was presented immediately thereafter. This was at the March term, 1887; defendant was personally present in court, and it appearing that he had failed to enter into a recognizance before the justice for his appearance in the circuit court, he at once, upon the filing of the transcript, tendered in open court his recognizance in the sum of one hundred dollars, in due form and with good and sufficient securities, and filed the same with the clerk of the court. During the same term the state filed a motion to strike the cause from the docket and remand the same to the justice for the following reasons: (1) There was a final judgment rendered against the defendant for a fine of ten dollars in the court below, and the defendant took no appeal therefrom. (2) The justice before whom said cause was decided did not grant an appeal. (3) Neither at the time of the rendition of the judgment by the justice nor at any time since did the defendant present any bond or recognizance for appeal according to the statutes in such cases made and provided.

Nothing was done with the motion at the March

term. At the next term,—September, 1887,—defendant again appeared in person and the motion to strike the cause from the docket was taken up. On behalf of the state nothing was offered in evidence excepting the justice's transcript, which shows the conviction and the filing of the affidavit for appeal, but is silent as to the granting of an appeal or the giving of bond. Defendant on his part made the following showing as set forth in the bill of exceptions :

Defendant offered evidence tending to show that at the March term, 1887, of said circuit court, upon answer being made by said justice of the peace to the rule served upon him, that he tendered in open court his appeal bond in the sum of one hundred dollars, in due form of law and with good and sufficient sureties, and that said bond was then and there deposited with the clerk of said court for filing, and had ever since remained with the papers in the cause ; and further there was evidence going to show that the defendant was in attendance at each term of the circuit court held since the filing of his affidavit for an appeal in the court below.

This was all the evidence in the cause. Thereupon, and before said motion was submitted, defendant again tendered his appeal bond and prayed the court to receive and approve the same, and although said bond was solvent and sufficient in form and amount the court refused to accept and approve the same because it was presented out of time.

The motion was submitted to the court and by the court in all things sustained. Defendant excepted and brings the cause here by appeal.

The record shows that this cause was treated and tried in the circuit court of New Madrid county as an appeal from the justice, and we are not justified, in the face of that record, in saying that there was no appeal. The record upon this point says: "Record and proceedings in the circuit court of New Madrid county, in the state of Missouri, in the case of the State of Missouri vs. Joel Cook, on a charge of oppression in office ; on

appeal from James Stewart, justice of the peace"; and again: "Now at this day come the parties, by their respective attorneys, and plaintiff's motion to dismiss the appeal herein coming on to be heard   *   *   *   and by order of court the appeal is dismissed, and that plaintiff have and recover of defendant and Louis Block, the security in the recognizance, the costs and charges in this court as well as the court below, and have execution therefor."

We are led by this record to the inevitable conclusion that there was an appeal pending in the circuit court from the judgment of the justice in this cause. It seems that no appeal bond was given, but the defendant appeared in open court and tendered his bond and asked that the same be approved before the motion to dismiss was sustained.

The court sustained the motion to dismiss and entered judgment for costs against the principal and the security in the same bond it refused permission to file, the filing of which would have perfected the appeal. If the cause was dismissed for want of an appeal bond, upon what reasoning is the court justified in rendering judgment on the bond treated by the court as a nullity? If for no other cause, this judgment would have to be reversed on that ground. But from the record we can only conclude that the cause was in the circuit court of New Madrid county on appeal from the justice of the peace, and being so in the possession of the court, the appeal ought not to have been dismissed. The defendant was present in court and submitted himself to the jurisdiction of the court, and when the suggestion was made that there was no appeal bond, which was before the dismissal of the appeal, he tendered a sufficient bond, good in form and unobjectionable so far as the bondsmen were concerned. Section 3053, of the Revised Statutes, provides that: "No appeal allowed by a justice shall be dismissed for want of an affidavit or recognizance, or because the affidavit or recognizance made or given is defective or insufficient, if the appellant, or

some person for him, will, before the motion to dismiss
is determined, file in the appellate court the affidavit
required, or enter into such recognizance as he ought to
have entered into before the allowance of the appeal,
and pay all costs that shall be incurred by reason of
such defect or omission with respect to such affidavit or
recognizance."

It would be inconsistent, if not absurd, to say that
a judgment could be rendered on a bond against the
principal and sureties which had been given to perfect
an appeal, and that the appeal was imperfect because of
the irregularity of the bond either as to the date of fil-
ing or otherwise.

The strict construction placed upon the proceedings
of the trial court are not in harmony with the spirit of
the statute. *State v. Thompson*, 81 Mo. 163.

To the defendant, who by the judgment is precluded
from holding any office of honor, trust, or profit in this
state, or voting at any election, this is a matter of seri-
ous importance, and we are unwilling to deprive him of
a trial, on appeal, by the rigid construction applied to
the statutes by the circuit court.

The judgment is reversed and the cause remanded,
with directions to the circuit court of New Madrid
county to approve the appeal bond offered, if solvent
and sufficient in form, and to proceed with the trial of
the cause. All concur.