THE CITY OF DE SOTO, Respondent, v. JAMES MERCIEL, Appellant.

### St. Louis Court of Appeals, February 14, 1893.

1. **Cities of the Third Class:** APPEAL FROM RECORDER'S COURT: TIME FOR FILING OF AFFIDAVIT. Since an appeal from the recorder's court of a city of the third class, in an action for the violation of a city ordinance, is governed by the law in regard to appeals from justices' courts by persons convicted in prosecutions for misdemeanors, the affidavit for appeal must be filed immediately after judgment. It is accordingly fatal to such an appeal that the affidavit therefor was filed nine days after judgment.

2. ———: ———: ———. Nor will it avail the defendant as an excuse for his delay that he asked for an appeal immediately upon the conclusion of the trial, and that the recorder stated that he would not attend to any further business that day, and added that the defendant had ten days in which to take the appeal.

3. ———: ———: ———. Section 6340 of the Revised Statutes, which provides that no appeal from a justice of the peace shall be dismissed for the want of an affidavit if one is filed in the appellate court before the determination of the motion to dismiss, is applicable only to civil causes, and will, therefore, not avail an appellant from a judgment of the recorder's court.

*Appeal from the Jefferson Circuit Court.*—HON. J. F. GREEN, Judge.

AFFIRMED.

*Thomas & Horine* and *S. A. Reppy*, for appellant.

The requirement that the affidavit for appeal shall be filed immediately does not mean on day of trial, but it means sufficient time to give the bond, etc., and that the justice must give the defendant the papers to perfect the appeal; and, if the defendant perfects his appeal as soon as he gets the papers and files them,

it ought to be held sufficient.  *State v. Anderson,* 84 Mo. 524; *State v. Herman,* 20 Mo. App. 548.

*Joseph Flynn* and *Dinning & Byrns,* for respondent.

BIGGS, J.—Section 1565 of the Revised Statutes of 1889 provides that all appeals from the recorder's court, for the violation of the ordinances of a city of the third class shall be prosecuted in like manner as appeals from judgments of justices of the peace in cases of misdemeanor.  The statute regulating appeals to the circuit court in cases of misdemeanors provides: "Any person convicted before a justice of the peace for any misdemeanor under the provisions of this article may appeal to the circuit court or other court having jurisdiction in criminal cases, if he shall, *immediately* after judgment is rendered, file an affidavit stating that he is aggrieved by the verdict," etc.

The plaintiff is a city of the third class, and the defendant was convicted before the recorder of the city for a violation of a city ordinance.  The defendant attempted to take an appeal to the circuit court.  The transcript of the proceedings before the recorder shows that an appeal was asked for at the conclusion of the trial, and that the affidavit for appeal and the recognizance were filed nine days afterwards.  There is no entry allowing the appeal.  When the case reached the circuit court, the plaintiff moved to dismiss the appeal because the affidavit for appeal was not filed with the recorder within the time prescribed by the statute.  The motion was sustained, and the defendant has appealed to this court.

On the hearing of the motion, the defendant and the recorder both testified that at the conclusion of the trial the defendant asked for an appeal, but that the

recorder informed him that he did not intend to do any more business on that day, and that the law allowed ten days within which to take the appeal. Acting on this, the defendant presented his affidavit and bond for appeal on the ninth day after the trial.

This evidence shows that the defendant has been deprived of a legal right by reason of an honest mistake as to the law. This is a hardship, but it does not justify us in giving the statute such a construction as to virtually abrogate it. The supreme court in the case of *State v. Anderson*, 84 Mo. 524, decided that the affidavit for an appeal from a judgment before a justice of the peace in cases of misdemeanor must be filed *immediately*, and that the recognizance could be given at any time before the execution of the sentence. In the case of *State v. Epperson*, 4 Mo. 90, the court, in construing a similar statute, decided that in a prosecution before a justice of the peace for assault and battery the defendant must appeal on the day of trial. It was held by the court that the statute giving the appeal ought to be construed strictly, in view of the fact that the defendant stood committed to the county jail from the moment the judgment of conviction was entered, and that, if an appeal was to be taken, it was the duty of the justice, before the witnesses dispersed, to recognize them to appear at the next term of the circuit court. These considerations, in the estimation of the court, made a strict or literal construction of the statute essential. The court also held that the provisions of the statute regulating appeals from justices of the peace in civil actions had no application. This decision was reaffirmed in all particulars in the subsequent case of *Cox v. State*, 9 Mo. 181, and *Thomas v. State*, 10 Mo. 235.

In the case of *State v. Herman*, 20 Mo. App. 548, the verdict of the jury was returned at a late hour

at night, and defendant was held in custody under another complaint which was set for trial on the next day. On the next day after the trial defendant applied for an appeal, which the justice refused. The Kansas City Court of Appeals held that, under the peculiar facts, the appeal ought to have been granted.

We have held in *State v. Clevenger*, 20 Mo. App. 626, that the word "immediately" does not, in legal contemplation, exclude all mesne time, and adopted its legal definition as given by Baron ALDERSON, and adopted by many American courts—"such convenient time as is reasonably requisite for doing a thing." We held there that an appeal taken within twenty-four hours after judgment was, in the absence of all showing to the contrary, taken "immediately." But we also held that the state might show that it was not taken with all convenient speed reasonably requisite for doing it. Had the state in that case shown that a number of witnesses were present who had to be recognized to appear on appeal before their departure from the place of trial, an appeal taken on the next day would certainly not have been taken with all convenient speed. The cases of *State v. Epperson, Cox v. State* and *Thomas v. State, supra,* were decided under a statute which required the appeal to be taken on the day of the rendition of the judgment, which left no room for construction. The construction placed on the statute in the *Clevenger case* must be regarded as the most liberal construction possible in favor of a defendant. To extend the time beyond this would, in effect, destroy the limitation fixed by the statute.

The cases of *State v. Thompson*, 81 Mo. 163, and *State v. Cook*, 31 Mo. App. 57, apparently give some foundation for the contention that section 6340 of the Revised Statutes of 1889 ought to govern in appeals from justices of the peace in criminal cases. That

section applies solely to appeals from justices of the peace in civil actions. It was expressly so decided in *State v. Epperson, Cox v. State* and *Thomas v. State, supra.* The section provides in substance that no appeal from a justice of the peace shall be dismissed for want of an affidavit or recognizance, etc. What was said by the supreme court in *State v. Thompson, supra,* in reference to the application of this section of the statute was unnecessary. The objection there was that the recognizance was not sufficient under the statute. The court, after deciding that the bond was good, stated that the circuit court ought to have accepted the additional bond which defendant tendered. In support of this the court referred to the foregoing section of the statute. The court was right in holding that the additional bond was not out of time, for the reason that the statute governing appeals in misdemeanor cases did not then specially provide when the recognizance should be filed. The supreme court afterwards decided in *State v. Anderson, supra,* that the recognizance in such cases could be filed at any time before the execution of the sentence.

So in the case of *State v. Cook, supra,* the defendant filed an affidavit for an appeal within the time prescribed by law, and the appeal was granted. Having failed to enter into a recognizance before the justice, he tendered a good and sufficient bond at the time he filed the transcript. The circuit court struck the cause from the docket for want of a bond. Judge PEERS, who delivered the opinion of the court, decided that the defendant ought to have been allowed to perfect his appeal by filing the proper bond. The point was correctly decided for the reason above stated, and not because section 6340 (then section 3053 of the Revised Statutes of 1879) had any application.

With the concurrence of the other judges the judgment of the circuit court will be affirmed. It is so ordered.