JOHN B. POLLARD et al., Relators, v. LeGRAND ATWOOD et al., Respondents.

St. Louis Court of Appeals, February 21, 1899.

Tax Suit: JUDGMENT FOR COSTS: MANDAMUS: No costs in any tax suit can be taxed against a city or town, being wholly prohibited by our statute; held, that in the case at bar, the judgments for costs are nugatory and void. Mandamus therefore will not lie.

*Appeal from the St. Louis Circuit Court.*—Hon. Rudolph Hirzel, Judge.

AFFIRMED.

Kinealy & Kinealy for respondents.

No costs can be taxed against a city of the fourth class in proceedings to collect back taxes, and appellant's alleged fee bills were illegal. Laws of Mo. 1895. p. 74, secs. 49 and 50; 2 R. S., sec. 7688; Laws of Mo. 1895, p. 245, amending 2 R. S., sec. 7626. Appellants can not claim any rights under the several alleged judgments for costs in the various tax suits because those judgments did not and could not purport to be in favor of appellants, but in favor of the respective defendants in those suits. Appellants claims have therefore never been reduced to judgment in their favor and mandamus will, for that reason, not lie. Adams v. Railway, 18 Mo. App. 373; Garrett v. Cramer, 14 Mo. App. 401; Beedle v. Mead, 81 Mo. 297; Hoover v. Railroad, 115 Mo. 77; State ex rel. v. Clay Co., 46 Mo. 231.

Waddill & Hereford for appellants.

The denial in the return to an alternative writ of mandamus should be positive and direct, and not founded upon information and belief. State ex rel. v. Williams, 96 Mo. 13; State ex rel. v. Trammel, 106 Mo. 510. The general provisions governing suits for taxes (including the exemption for payment of costs) are applicable to suits by cities of the fourth class. "Provided said suits are brought in the name of the state of Missouri at the relation and to the use of the city collector." Session Acts, 1895, p. 74, sec. 49.

BOND, J.—Plaintiffs brought a mandamus to compel the mayor and members of the board of aldermen of the city of Ferguson, to levy a tax to pay certain alleged fee bills issued

against said city by plaintiff Pollard as justice of the peace in favor of himself and his coplaintiff. An alternative writ was issued, to which respondent made a return. Issue was taken by reply, and judgment entered denying the peremptory writ, from which plaintiffs have appealed.

The trial court upon the request of defendants made the following special findings of the facts and the law, to wit:

"This is a proceeding by mandamus against the trustees of the city of Ferguson to enforce the payment of certain costs and charges incurred in certain suits.

"The alternative writ sets out that the town or city of Ferguson by its city attorney, on the 2nd day of July, 1897, filed with John Pollard, a duly qualified justice of the peace, thirty separate suits against different parties (naming them). That all of said suits were brought by the said city of Ferguson as plaintiff and were founded on tax bills, which were filed with said Pollard as the instruments sued on. That writs of summons were duly issued and served by relator Wortman, returnable July 22nd, 1897. That on said July 22nd, all these suits were dismissed by the city attorney, at the costs of the city, and that judgments for costs were rendered against the city in all the cases. That the said city now refuses to pay said costs and therefore the writ is issued.

The defendants in their return, admitting the formal statements of the alternative writ, set up as a special defense that no suits on the alleged delinquent tax bills were ever instituted by the city attorney, but that said Pollard, without authority of law, issued summons thereon in the name of the city of Ferguson; that these suits having been brought wrong, were dismissed by the city attorney on July 22, 1897, and that without order from the city attorney, and without authority of law, the justice entered judgments for costs in all these cases against the city of Ferguson.

This is the important part of the return and raises the issues herein.

The plaintiffs contend that the justice on the dismissal of these cases, for want of jurisdiction, had full authority to render judgment for costs against the city.

This doctrine is upheld in Ensworth v. Curd, 68 Mo. 285, where the court says: "When the court dismissed plaintiff's suit for want of jurisdiction, it had authority to render judgment against him for costs he had improvidently incurred."

And this same doctrine was upheld in State v. Thompson, 81 Mo. 167. Judge Phillips, however, calling attention to our statute, which provides "that in all civil actions or proceedings the party prevailing shall recover his costs against the other party, except in those cases in which a different provision is made by law." Section 2920, Revised Statutes of 1889, is identical with the one above cited, and section 2932 contains a similar provision.

The suits here in question were brought on delinquent tax bills and were instituted, if at all, on these tax bills only. They were entered on the docket as suits or actions of the city of Ferguson as plaintiff, and summons issued and served accordingly setting forth, however, that they were for the recovery of taxes due said city.

The suits were set for trial on July 22, 1897, and were necessarily dismissed by the city attorney when called for trial, because the statute requires that they must be instituted in the name of the State ex rel. the Collector of the City, and not in the name of the city. See Revised Statutes, section 7626, and Acts of 1895, p. 245, amendatory thereto.

The docket entries and the writs of summons issued by the justice on these tax bills were both defective and wrong; besides some of the suits were for taxes on real estate, over which he had no jurisdiction at all.

Plaintiffs claim that this was the fault of the city attorney, and that as the cases were dismissed for want of jurisdiction the judgments for costs were properly entered; relying on the cases cited, *supra*.

Pollard v. Atwood.        •

If there were no other provisions in our statutes than the general ones, concerning the costs in tax cases, this would be correct, but under our statutes no costs at all can be taxed against the plaintiff in a tax suit of any kind.

Section 7626 provides, that in suits for delinquent personal taxes, in no case shall the state, county, city or collector be liable for any costs, nor shall any be taxed against them, or any of them, and the same provision is contained in the Acts of 1895, page 245.

We find the same provision also in regard to taxes on real estate.    Revised Statutes, section 7688, and also to the collection of delinquent taxes in the cities and towns organized under special charters.    Acts 1897, p. 213.

Hence it is plain that no costs in any tax suit could be taxed against a city or town, and therefore the judgments for costs entered against the city of Ferguson are nugatory and absolutely void, being wholly prohibited by our statutes.

Costs: tax suit.

The fact that these suits were improperly brought or entered is of no avail to the relators.    They were plainly delinquent tax suits and treated as such.    Relators can not take advantage of their own neglect or wrong.    These judgments for costs can not be enforced against the city of Ferguson and the peremptory writ of mandamus must be denied."

The foregoing findings of the learned circuit judge are a clear, concise, and correct statement of the facts and law applicable thereto, as shown by the record before us.    We, therefore, approve and adopt the same as the opinion of this court. The judgment in this cause is accordingly affirmed.    All concur.