L. A. RANDOL, Respondent, v. GEORGE L. GAROUTTE,
Appellant.

St. Louis Court of Appeals, February 7, 1899.

1. Section 2265, Revised Statutes of 1889, Construed. The stat-
ute is a penal one; its object is not to provide compensation for loss
or damages suffered by a litigant on account of the negligence of
the clerk, but is to punish the clerk at the suit of either party ag-
grieved on account of the failure to promptly perform an impera-
tive duty enjoined by the statute.

2. **Aggrieved as Used in the Statute Defined.** The word "aggrieved" as used in the statute should be taken in its ordinary and usual sense, and that a party should be permitted to recover a penalty whenever it is made to appear that he has been harassed or oppressed, or his right to a speedy trial has been denied him by reason of the negligence of the clerk.

*Appeal from the Howell Circuit Court.*—Hon. W. N. Evans, Judge.

AFFIRMED.

W. J. ORR for appellant.

That this is a penal statute and should therefore be strictly construed, and that the pleadings based thereon should allege every jurisdictional fact, is so well settled that it is needless to cite authorities. It is evident that this statute gives the right of action to the party aggrieved, but no one else. It is not alleged in plaintiff's petition that she was aggrieved by the failure of the clerk to transmit this transcript in time for the case to be tried at the November term, 1897, of the Texas county circuit court, nor is it alleged that the case would have been for trial at that term of court. On the introduction of the testimony on the part of the plaintiff, the defendant objected, for the reason that the petition did not state facts sufficient to constitute a cause of action. Again, at the close of plaintiff's testimony, defendant demurred to the same for the reason that under the pleadings and the testimony plaintiff was not entitled to recover. Then at the close of all the testimony, the defendant asked declaration of law numbered 2, which in substance required the plaintiff to prove that she was aggrieved by the omission of the clerk to send this transcript. This declaration of law was refused and exception saved at the time. The only questions in this case are: First. Can a party recover this statutory penalty provided in the above section

without allegation or proof that he or she was or has been aggrieved by the default of the clerk as therein provided? An affirmative answer to this question, as applied to this particular case, shows the unreasonableness of such a construction. In the case in which the change of venue was taken, there were seven parties defendant. If this statute was intended to give each party to the suit absolutely and unconditionally a $100 penalty for the failure of the clerk to transmit the transcript immediately, then the clerk in this case would have been liable in the sum of $800. The palpable injustice of such a construction is apparent from the very statement of the proposition, and even $100 would be an unreasonable penalty in a case where the amount involved was less than that sum. Second. Did not respondent waive the immediate performance of the duties imposed by this statute, when his attorney made no objection at the time the clerk informed him that attorney for part of defendants in the original suit had stated that an effort would be made to induce codefendants to withdraw their application, and let case stand for trial in the Howell county circuit court, and had also requested him, the clerk, to not send transcript. We therefore contend that the proper construction of this statute is that the $100 penalty be paid to the party actually aggrieved by the willful failure of the clerk to perform the services required. And since this construction of the statute was repudiated by the trial court and the case tried throughout upon an entirely different theory, we respectfully submit that the judgment should be reversed.

No brief furnished for respondent.

BLAND, P. J.—This suit was begun before a justice of the peace and went to the circuit court by appeal; the cause

of action is based on section 2265, Revised Statutes of 1889; the complaint or petition is as follows:

"Now comes plaintiff above named and for her cause of action alleges: That she was plaintiff in an action against G. A. Rhode, David Godsey, W. C. Rogers, A. A. Baldwin and others, which said action was pending in the October term of the Howell county circuit court, 1897, and was triable at such term of court, and was instituted by her for the purpose of recovering about $1,400 damages from said defendants for the wrongful conversion by them of personal property belonging to this plaintiff; that on the fourth day of the October term of said court, it being on the 14th day of October, 1897, defendants made application for a change of venue of such action, filing their affidavit therefor, and that thereupon Hon. W. N. Evans, presiding judge of such court, granted a change of venue of such action, defendants having paid into the court the $10 required by law, and such change was by the request of this plaintiff made to the circuit court of Texas county, Missouri, which court convened at Houston, in said Texas county, on the 8th day of November, 1897. Plaintiff states that the above named defendant, George L. Garoutte, was at the time the change of venue was taken in such action and is now the circuit clerk of Howell county, Missouri, and that he failed and neglected to make out a full transcript of the record and proceedings in said cause of action, and transmit them to the clerk of the circuit court of Texas county, Missouri, as required by such order of removal and by section 2265, R. S. 1889.

"Wherefore this plaintiff feeling aggrieved by the failure and neglect of the defendant to transmit such transcript and proceedings in the cause to perfect such change of venue, so that said action would have been for trial in the November term of said Texas county circuit court (1897), respectfully asks judgment against the defendant for the statutory penalty of one hundred dollars, with costs of this action."

The case was tried by the court, who, on the close of the evidence, refused an instruction in the nature of a demurrer thereto offered by defendant, and rendered judgment for plaintiff for $100. Defendant duly appealed to this court.

Counsel for defendant objected to the introduction of any evidence on the ground that the petition failed to state a cause of action. That this objection may be made, has been ruled by the supreme court in Young v. Shicke, H. & H. Iron Company, 103 Mo. 324, and by the Kansas City Court of Appeals in Murphy v. Insurance Company, 70 Mo. App. 78, and by this court in Hatten v. Randall, 48 Mo. App. 203, and in Jones v. Philadelphia Underwriters, decided at this term, and not yet reported. It will be observed that the petition nowhere alleges that the plaintiff suffered any pecuniary loss or damage by the alleged failure of the clerk to make and transmit. She says that she feels aggrieved, but fails to state specifically wherein she is aggrieved. If the word aggrieved as used in the statute is to be taken in its ordinary sense "to give pain or sorrow, to afflict, to oppress or injure in one's rights" (Webster's Dictionary), and the penalty of $100 is given as a punishment for disobedience to the mandate of the statute, the petition is sufficient. On the other hand, if the word as used in the statute is to be taken in its sometimes legal signification, to mean "to suffer loss or injury, damnified, injured" (Black's Dictionary) "damages, injury, exposed to loss" (Anderson's Dictionary and Abbott's Dictionary), then it is sufficient in that it fails to aver any pecuniary loss or damage whatever. In Swackhamer v. Kline, 25 N. J. Eq. 503, and in Raleigh v. Rogers, Id. 506, in construing a statute allowing an appeal to the party aggrieved, and the court says that only one whose pecuniary interest is affected by the decree was an aggrieved party. To the same effect are Adams v. Woods, 8 Cal. 306; Ely v. Frisbie, 17 Cal. 250; Labar v. Nichols, 23 Mich. 310; Kiefer v. Winkens, 39 How. Pr.

176; Betts v. Shotton, 27 Wis. 667; Bank v. Young, 53 Me. 555; Commonwealth v. Graves, 112 Mass. 282, and many other cases.    Section 6570, Revised Statutes 1889, provides that in the construction of statutes, "words and phrases shall be taken in their plain or ordinary and usual sense."    In Warren v. Barber Paving Company, 115 Mo. 572, the supreme court lays down as a cardinal rule of statutory construction, "that the words of a statute are to be taken in their ordinary and familiar signification and import, regard being had to their general and proper use."    Applying this rule of construction to the statute in hand, it appears to us that the word "aggrieved" should be taken in its ordinary and usual sense, and that a party should be permitted to recover the penalty whenever it is made to appear that he has been harrassed or oppressed, or his right to a speedy trial has been denied him by reason of the negligence of the clerk to immediately make out a full transcript of the record, etc., and transmit the same to the clerk of the court to which the change of venue was awarded, and that he is not required to allege or prove that he has suffered any pecuniary loss or special damage by the delay occasioned from the negligence of the clerk.    The statute is a penal one; its object is not to provide compensation for loss or damages suffered by a litigant on account of the negligence of the clerk, but is to punish the clerk at the suit of either party aggrieved on account of the failure to promptly perform an imperative duty enjoined by the statute.    Under this view of the statute the court correctly overruled defendant's objection to the introduction of any evidence.    We think also that the court rightly refused defendant's instruction in the nature of a demurrer to the evidence.    The facts briefly stated were, that the change of venue was awarded on October 14; the regular term of the circuit court of Texas county convened on the eighth day of the following month; the transcript was not made out and forwarded by the clerk of the Howell court

Randol v. Garoutte.

until some time late in December following. As an excuse for this delay the clerk claimed sickness of himself and inefficiency of his deputy to make the transcript, and also that during part of the time the Howell circuit court was in session and monopolized his time. There was also some evidence that one of the attorneys of the parties taking the change of venue stated to the clerk that he would see the other attorney who applied for and took the order changing the venue, and try to get him to consent to set aside the order and try the case in Howell county. There was no order from the attorneys to withhold the transcript, nor would the clerk have been justified in withholding the transcript except upon the written request of both parties. The other excuses offered for his negligence were not acceptable to the trier of the fact; they were not valid excuses. If he was not able to do the work of his office in the manner and within the time required by law, it was his plain duty to employ competent help. For nonperformance of official duty imposed by the plain provisions of a statute within a reasonable time after it is required to be performed, the law knows not, and will not tolerate the excuse of want of time or the want of competent assistance, when such duty may be performed by a deputy. The plain duty of the defendant was to comply with the statute; this he failed to do; by his neglect the trial of plaintiff's cause of action was unnecessarily and oppressively delayed for at least six months, and we think on account of his negligence and refusal to obey the mandate of the statute he was justly condemned to pay its penalty, and affirm the judgment. All concur.