LLEWELLYN, Appellant, v. SPANGLER, Respondent.

St. Louis Court of Appeals, January 10, 1905.

1. **CHANGE OF VENUE: Transmitting Record: "Immediately."** In section 825 of the Revised Statutes of 1899, providing that the clerk of the circuit court in case of change of venue shall immediately make out a transcript and transmit the same to the clerk of the court to which the cause is sent, the term "immediately" means in such convenient time as is reasonably necessary for the performance of those duties.

2. ———: ———: **Failure of Clerk to Transmit Record.** A change of venue was taken in a case in November and ordered sent to another county where the next term of court was in May following. The clerk of the court where the cause had been pending made out a transcript, but was requested by an attorney in the case to hold it up on account of negotiations pending for settlement. His term of office expired in January before the transcript was sent and his successor failed to send it in time for the said May term. *Held*, in an action by the party, aggrieved by the failure to transmit the record against the clerk for the penalty provided in said section, the question whether the defendant was negligent and violated the statute was for the jury.

Appeal from Clark Circuit Court.—*Hon. E. R. McKee,* Judge.

AFFIRMED.

*C. T. Llewellyn* for appellant.

*O. S. & G. M. Callihan* for respondent.

The petition, omitting caption, is as follows:

"Plaintiff for cause of action states that he was plaintiff in an action against George E. Llewellyn and others, No. 10143, in the circuit court of Clark county, Missouri, which said action was pending and for trial at the October term of said court; that said action was instituted by plaintiff for the purpose of partitioning certain real estate belonging to the parties to the said action.

"That on the tenth day of November, 1902, it being the second day of said October term of the Clark county circuit court, one of the defendants in said action, George E. Llewellyn, made application for a change of venue of such action, filing his affidavit therefor and thereupon, Hon. E. R. McKee, presiding judge of said court, granted a change of venue of such action and made an order of removal of such action to the circuit court of Schuyler county, Missouri. Defendant George E. Llewellyn, having paid into the court the ten dollars required by law and such change was made to the circuit court of Schuyler county, Missouri, which court convened at Lancaster, in said Schuyler county, on the fourth day of May, 1903.

"Plaintiff states that defendant, Edward P. Spangler, was, at the time the change of venue was taken in such action and so continued to be up to January 1, 1903, the circuit clerk of Clark county Missouri, and that he failed, neglected and refused to make out a full and complete transcript of the record and proceedings in such cause and transmit them together with the original papers in the case to the clerk of the circuit court of Schuyler county, Missouri, as required by such order of removal and by section 825 of the Revised Statutes of Missouri, 1899.

"Wherefore this plaintiff says he is damaged, injured and aggrieved by the failure, refusal and neg-

lect of defendant Edward P. Spangler, to make up a full and complete transcript of the record and proceedings in the cause in which such change of venue was taken and transmit the same with the original papers in order to perfect such change of venue so that such case would have been for trial at the May term of the circuit court of Schuyler county, 1903, and respectfully asks judgment against defendant for the statutory penalty of one hundred dollars with costs of suit.''

Omitting caption, the answer is as follows:

''Now comes the defendant and for his answer and defense to the petition of plaintiff, denies each and every allegation in said petion contained, except those hereinafter specifically admitted.

''Defendant further answering admits that at the October term, 1902, of this court and on the tenth day of November, 1902, as stated in said petition, a change of venue was granted by said court of the suit described in said petition, to the circuit court of Schuyler county, Missouri, on the application of one, George Llewellyn, one of the deféndants therein, and that the first term of said court thereafter convened on the the fourth day of May, 1903, and also admits that defendant was the clerk of the circuit court of Clark county, as stated in the petition; that his said term expired on the first day of January, 1903, and that he did not, while such clerk, transmit to the circuit clerk of said Schuyler county the transcript and original papers of said cause.

''But defendant says that immediately upon the entry of said order of change of venue upon the records of said court, he made out a full transcript of the proceedings in said cause before said court and prepared the same together with the original papers in said cause for immediate transmission to the clerk of said Schuyler county circuit court, but that such transmission was withheld by the orders and directions of the attorneys of record in said cause, upon their assurance

and representation that a compromise of said suit was then pending and that the matters involved in said suit would all be settled and adjusted between said parties long before the said May term, 1903, said Schuyler county circuit court and that the making of additional costs and expense therein was unnecessary; that defendant's term as clerk of said Clark county circuit court ended on the thirty-first day of December, 1902, and he was succeeded in said office by F. M. Harr, the present incumbent to whom said transcript and original papers in said cause were delivered by defendant on the first day of January, 1903, nearly four months prior to the time when the said transcript and papers could have been filed with the clerk of said circuit court of Schuyler county in time for the said May term, 1903, of said court that during the remainder of said term of defendant as such clerk no further notice or instruction was given him concerning said cause by said parties or either of them or their attorneys of record.

"Defendant states that at the time aforesaid, a compromise of said cause was being considered by said parties, and that said parties did not reach a determination therein until in January, 1903, after defendants said term of office had expired, whereas defendant is informed and believes, by mutual consent all propositions of compromise between said parties were then withdrawn.

"Wherefore, defendant having fully answered prays to be dismissed with his costs."

There was a reply denying the new matter in the answer.

The issues were submitted to a jury who found for defendant. Plaintiff appealed in the ordinary way.

Defendant assumed the burden of proof on the trial. It was admitted that after November, 1902, the first regular term of the Schuyler circuit court would convene on May 4, 1903. Defendant offered evidence

showing that immediately after the adjournment of the November term, 1902, of the Clark Circuit Court, he made out a full and complete transcript of the record in the cause of Charles T. Llewellyn versus George E. Llewellyn et al., No. 10143, and had the same, with the papers not forming a part of the record in the case, ready for transmission to the clerk of the Schuyler Circuit Court, when he was informed by defendants' attorney of record in the case that the parties to the suit had under consideration a proposition to submit the cause, with six or eight other pending suits between the parties, to arbitration, and that the parties did not want to incur additional costs and for these reasons asked him as a favor to hold up the transcript until the pending proposition for arbitration should be settled one way or the other. That in compliance with this request, he (defendant) did not transmit the transcript but held the same until January 1, 1903, when he was succeeded in office by F. M. Harr, to whom he turned over the transcript and papers in the case.

J. A. Whiteside, Esq., the attorney of George Llewellyn testified that he was requested by his client to see Charles Llewellyn (plaintiff herein) and find out if he would not agree to submit the partition suit and other suits then pending to arbitration; that he saw him about the matter but got no definite answer from him at the time nor until about the last of December, 1902, when plaintiff said he would agree to the proposed arbitration. After having the first conversation with Charles Llewellyn about the arbitration, but before he had received a definite answer from him as to whether or not he would agree to submit to arbitration, Whiteside told the defendant of the proposition to arbitrate the case and asked him as a favor to the parties to withhold the transcript.

The evidence shows that the proposition to arbitrate was held under advisement until about January 15, 1903, when Charles Llewellyn called it off. The

transcript did not reach the Schuyler circuit court until April 29, 1903, too late to appear on the following May term docket. Plaintiff's evidence shows that neither he nor any one authorized to represent him at any time requested or instructed the defendant to withhold the transcript. Plaintiff testified that the proposition to arbitrate was never submitted to him until December 29, 1902, and that he was not aware that the transcript had been withheld until April 29, 1903.

The court refused to give a peremptory instruction to find for plaintiff, asked by him at the close of defendant's evidence, but gave the following instructions for plaintiff:

"1. The court instructs the jury that it was the duty of the defendant, as circuit clerk, when the change of venue was taken to Schuyler county, to immediately make out a transcript of the record and proceedings in the cause, including the petition and affidavit and order of removal, and transmit the same, duly certified, together with all the original papers filed in the cause and not forming a part of the record, to the clerk of the circuit court of Schuyler county, and unless you believe that plaintiff, Charles T. Llewellyn, authorized or agreed for the defendant to withhold sending said transcript and papers, then your verdict will be for the plaintiff.

"2. The court instructs the jury that it makes no difference that the transcript and papers could have been sent after defendant went out of office and in time for the case to be tried at the next term of circuit court of Schuyler county, still if you believe defendant, without any authority from plaintiff and without plaintiff's knowledge and consent, withheld said transcript and papers and failed to send them before he did go out of office, then you will find for plaintiff.

"3. The court instructs the jury that it was the duty of the defendant to immediately transmit the

record and papers in the case of Llewellyn v. Llewellyn to the Schuyler county circuit clerk unless he was notified by both the plaintiff and the defendants in said cause or their attorneys not to send said papers and transcript immediately.

"4.    The court instructs the jury that the plaintiff does not have to prove any pecuniary loss or damage or that he is aggrieved, but the law presumes that he is aggrieved, if you find that the clerk did withhold the transcript and papers on change of venue, without the plaintiff's authority or consent."

The court refused instructions asked by plaintiff which, if given, would have cut out the defense root and branch.

The court gave the following instructions for defendant:

"1.    The court instructs the jury that unless they believe from the evidence that the holding up of the transcript until the expiration of Spangler's term as circuit clerk prevented the said plaintiff from securing a speedy trial and that he was thus aggrieved thereby, you will find for the defendant.

"2.    If you believe from the greater weight of evidence that an arbitration of the case of Charles T. Llewellyn v. George Llewellyn et al., which had been removed to circuit court of Schuyler county, by change of venue, was contemplated and pending by the parties and on account thereof at the knowledge or consent of plaintiff, defendant withheld the transcript until his term of office expired, your verdict should be for defendant.

"3.    In passing upon the question as to whether or not plaintiff authorized or agreed to the withholding of the transcript, you may take into consideration all the facts and circumstances proven, and if you find he did so agree, your verdict should be for the defendant.

"If you believe the plaintiff consented to the withholding of the papers or had knowledge of the same

being withheld to await the contemplated or proposed arbitration, and did not object to such withholding, your verdict should be for the defendant.''

BLAND, P. J. (after stating the facts).—1.   The statute, on which this suit is bottomed, reads as follows:

''Sec. 825.  *After change, clerk to transmit record.* —When any such order shall be made by the court or judge, the clerk shall immediately make out a full transcript of the record and proceedings in the cause, including the petition and affidavit and order of removal, and transmit the same, duly certified, together with all the original papers filed in the cause, and not forming a part of the record, to the clerk of the court to which the removal is ordered, and for failure to do so shall forfeit one hundred dollars to the party aggrieved, to be recovered by civil action.''

If the court was correct in refusing plaintiff's peremptory instruction, then the judgment should be affirmed, as the giving of instructions for the defendant is not assigned as one of the grounds for new trial in the motion therefor and for this reason they are not reviewable.   [State v. Headrick, 149 Mo. l. c. 404, 51 S. W. 99; Fullerton v. Carpenter, 97 Mo. App. l. c. 301, 71 S. W. 98.]   The uncontradicted evidence shows that the Schuyler Circuit Court did not convene after November, 1902, until May 4, 1903, and the defendant went out of office on January 1, 1903, at which time he turned over his office and delivered the transcript and papers in the partition suit to his successor.   Thereafter it became the duty of his successor to make the transmission and if he negligently failed to do so in time to have the cause docketed for the May term, 1903, of the Schuyler Circuit Court, the defendant is not responsible for such negligence.   I think the evidence shows that the transcript was negligently withheld, but the question in the case is, should that negligence be ascribed to defend-

ant? He admits in his answer and in his testimony that he withheld the transcript, after he had it ready for transmission, for something like a month and until after the expiration of his term of office. He thereby tacitly confesses that he violated the letter of the statute, but offers to justify his conduct by showing that he did not violate the spirit of the statute by what transpired between himself and Mr. Whiteside, the attorney representing plaintiff's adversary in the partition suit. I think the evidence shows that both Whiteside and the defendant acted in perfect good faith. I think it also shows that while the plaintiff did not accede to the proposition to arbitrate the suit, when first made to him by Whiteside, he did not refuse to consider it but did consider it and afterwards agreed to it. This evidence not only shows that Whiteside acted in good faith in requesting defendant to withhold the transcript, but that the plaintiff's conduct warranted Whiteside to believe the matters in dispute between plaintiff and his brother, George Llewellyn, including the partition suit, would be submitted to arbitration. In these circumstances, Whiteside was justified in taking steps to prevent the further accumulation of costs in the suit and in asking that the transmission of the transcript be withheld until the proposition to arbitrate should be finally settled, especially in view of the fact that the Schuyler Circuit Court would not convene for more than four months and the withholding of the transcript was, apparently, as much to the interest of the plaintiff as to the interest of Whiteside's client. The evidence also shows that there was ample time, after the proposition to arbitrate was declared off by plaintiff, to have transmitted the transcript to the clerk of the Schuyler circuit court in time to have had it docketed for the May term, 1903. But it is contended by plaintiff, that as the defendant was not instructed by him, or by any one for him or representing him, to withhold the transcript, what Whiteside told defendant furnished no justifica-

tion to him for withholding the transcript. The purpose of the statute is to prevent unreasonable delay or negligence in the making out and transmission of transcripts of causes in which a change of venue has been awarded and to secure an early opportunity for the trial of such causes in the courts to which the venue has been changed. What is meant by the term "immediately," as used in the statute, is that the transcript shall be made out and transmitted in such convenient time as is reasonably necessary for performing these duties. [State v. Clevinger, 20 Mo. App. 626; City of DeSoto v. Merciel, 53 Mo. App. 1. c. 60.] If due regard is given to the nature and circumstances of the things to be done and the purposes to be accomplished, I do not think it can be said, as a matter of law, that the defendant was negligent or that he violated the spirit of the statute in withholding the transcript under the circumstances shown in evidence, especially in view of the fact that he did not withhold it beyond a day when it could reasonably have been transmitted to the clerk of the Schuyler Circuit Court in time to have been placed upon the May term, 1903, docket of that court. The evidence shows that defendant's successor might have transmitted the transcript at any time within two or three months after he took charge of the office and of the papers in the case, in time for the case to have appeared on the May term, 1903, docket of the Schuyler Circuit Court. If this had been done, plaintiff would not have had any ground to complain of the delay in the transmission, and certainly no cause of action against this defendant, based on the statute; for the purpose of the statute—to secure a speedy hearing—would have been as fully performed as if the transcript and papers had been transmitted by defendant in December, 1902. For these reasons, I do not think the court committed error in refusing the peremptory instruction to find for plaintiff nor in refusing such of

plaintiff's instructions as would have practically withdrawn the case from the consideration of the jury.

2. Objections were made to the introduction of some of the evidence. The grounds of these objections are not specifically stated and I do not discover that any inadmissible evidence was admitted at the trial.

Discovering no reversible error in the record, the judgment is affirmed. All concur.