HIGBEE, Appellant, v. SPANGLER, Respondent.

St. Louis Court of Appeals, October 22, 1907.

1. ATTORNEY AND CLIENT: Clerks of Circuit Courts: Failure to Transmit Record on Change of Venue. Where a clerk of the circuit court, after a change of venue was awarded in a case, failed immediately to transmit the record to the court to which the cause was sent, he was nevertheless not liable for the penalty mentioned in section 829, Revised Statutes 1899, provided the attorneys of the parties claiming to be aggrieved, consented to a withholding of the transcript pending negotiation for settlement.

2. **CLERKS OF CIRCUIT COURTS: Failure to Transmit Record on Change of Venue: Liability of Clerk.** The clerk of a circuit court is liable for the penalty mentioned in section 829, Revised Statutes 1899, to the party aggrieved by his failure to transmit within a convenient time the record of a case in which a change of venue was taken, so that the case lost its place upon the docket of the next term of that court, although the term of office of such clerk expired long enough before that term of the court so that his successor could have sent the record in time for docketing.

3. ———: ———: ———: **Attorneys.** In an action by one of the parties aggrieved by failure to send the transcript in such case, the clerk could not defend by showing that he withheld the transcript for the reason that an arbitration was contemplated, without showing further that the transcript was withheld by authority of the parties or their attorneys.

Appeal from Clark Circuit Court.—*Hon. E. R. McKee, Judge.*

REVERSED AND REMANDED.

*C. T. Llewellyn,* with *Berkheimer & Dawson,* for appellant.

The court erred in not striking out of all of the evidence of Whiteside and Spangler with reference to holding the transcript for the reason there was no evidence that either party had any authority to make such arrangement in this case.    Watson v. Ruce, 46 Mo. App. 546; Peck v. Richey, 66 Mo. 114; Fougus v. Burgess, 71 Mo. 389; Wilson v. Hempstead, 73 Mo. 667. The court erred in admitting any testimony of an arbitration for the reason there was no evidence that the present plaintiff was a party to any of the suits embraced in the proposed arbitration.    1 Greenleaf on Evidence, sec. 192.

*O. S. & G. M. Callihan* for respondent.

NORTONI, J.—The suit is to recover the penalty of one hundred dollars provided by statute (sec. 825, R. S. 1899), and levied against the clerk of any circuit court for failing to immediately transmit, on change of venue,

a transcript of the record in any cause, the venue of which has been changed to the circuit court of another county.

Defendant was clerk of the circuit court of Clark county. There were a number of cases pending in the court of which he was clerk, between members of the Llewellyn family, and one case of Higbee v. Llewellyn, in which case a change of venue was taken by the defendant therein during the fall term, and the cause was ordered transferred to the circuit court of Schuyler county. The Clark Circuit Court adjourned November 26, 1902, and soon thereafter, during the month of December, the defendant circuit clerk, Mr. Spangler, proceeded to make up a transcript of the case of Higbee v. Llewellyn, preparatory to its transmission to the clerk of the Schuyler Circuit Court, and did the same with respect to the transcript in another case of Llewellyn v. Llewellyn, a partition suit pending in the same court and in which a change of venue had been likewise granted to Schuyler county at the same time and out of which arose the controversy determined by this court in Llewellyn v. Spangler, 109 Mo. App. 396, 88 S. W. 1021. About the time the transcripts were completed in the two cases and ready for transmission to Schuyler county, Mr. John A. Whiteside, a reputable member of the Clark county bar, who was attorney for defendant Llewellyn in each of the cases mentioned, called upon Mr. Spangler, the circuit clerk, and to the end of preventing further accumulation of costs, requested that he withhold the transcripts in the cases of Higbee v. Llewellyn and Llewellyn v. Llewellyn until further orders thereabout, at the same time informing him that a proposition of compromise, or rather, a proposition to arbitrate these two cases and several others in which members of the Llewellyn family were adversaries, was then pending, and would probably result in an adjustment of all    of the various phases of the unfortunate family

controversy then extensively involved in the circuit courts of Clark, Schuyler and Marion counties. The request was acceded to and the transcripts in the cases were accordingly withheld. It is obvious from the evidence that Mr. Whiteside, while representing defendant only in these cases, acted in entire good faith in the matter, and it is likewise obvious that Mr. Spangler acted in good faith in withholding the transmission of the transcripts at the instance of Mr. Whiteside, the purpose of each being to contribute as much as possible toward preventing the accumulation of further costs in a litigation which then bid fair to terminate in a friendly adjustment by the intervention of three uncles of the Llewellyns. As suggested, Mr. Spangler laid the transcripts aside very carefully. This was in the month of December; on the 31st day of which month his term of office expired, and during his incumbency thereafter, no one mentioned the transcript in Higbee v. Llewellyn, or the other case above mentioned, and consequently, at the expiration of his term, Mr. Spangler vacated and on January 1st, placed the office of circuit clerk in charge of his successor, without having transmitted the transcripts and original papers, as required by the statute, to the Schuyler Circuit Court. The next regular term of the Schuyler Circuit Court, and the one to which the case of Higbee v. Llewellyn, on change of venue, was properly returnable, had the transcript been duly forwarded, was to be holden on May 4th following. In the interim after the change of venue was awarded and the May term of the Schuyler Circuit Court, about January 15th, after Spangler had retired from office, all negotiations as to arbitration of the various cases mentioned were suspended and the parties determined to continue the controversy in court. No one notified Mr. Spangler or his successor in office of this fact, however, until in the latter part of April, the attorney for plaintiff in Higbee v. Llewellyn discovered the cause had not reached the

Schuyler Circuit Court and was not on the May docket. Whereupon, having inquired of Mr. Spangler the reason therefor, was informed by him that Mr. Whiteside had requested the transmission of the transcript to be deferred until further orders, etc., on account of the proposed arbitrament above referred to. Mr. Spangler then being informed that all efforts at arbitration had been abandoned about the middle of January, repaired at once to the court house and in company with his successor in office, discovered the transcripts where he had safely laid them some months before and forthwith, on that day, forwarded the same to the circuit court of Schuyler county, too late, however, for the cause to be placed on the docket of the May term, on which docket it otherwise should have appeared.

In the circuit court, it was insisted that Higbee v. Llewellyn was not included in the proposition for an arbitration and that Mr. Charles T. Llewellyn was not attorney for plaintiff Higbee therein, and therefore had no authority thereabout, and while there is respectable proof in support of this contention, there is substantial evidence to the effect that Mr. Llewellyn was one of Higbee's attorneys and that the Higbee case was included within the contemplated arbitration. However this may be, the jury found their verdict in affirmance of the theory that Higbee v. Llewellyn was included and that Mr. James T. Llewellyn was attorney for plaintiff therein and conducted negotiations thereabout with Mr. Whiteside and Mr. Montgomery. Much of appellant's argument in this court is directed against the admission of evidence as to what Mr. Charles T. Llewellyn did and said with respect to including it in the arbitration. This line of objection is not well taken for the reason the evidence tended to prove that he was one of the attorneys for the plaintiff, Mr. Higbee. It appeared that Mr. Llewellyn's name was on the judge's docket as an attorney for the plaintiff. It also appeared that, with the

knowledge and consent of plaintiff, he ordered witnesses for him and signed the precipe book in the clerk's office therefor, and there are many other facts and circumstances in proof tending to establish the fact that he was one of plaintiff's attorneys. This proof was competent as tending to show his authority over the case.

Predicated on the same theory, the plaintiff requested numerous instructions to the effect that unless Higbee himself authorized the defendant circuit clerk to withhold the transmission of the transcript, the finding should be for plaintiff. All instructions predicted upon this theory were properly refused for the reason they ignored the proof tending to show Mr. Llewellyn, as his attorney, had included his case in the proposed arbitration and had some knowledge at least of Mr. Whiteside's endeavor to prevent further costs by ordering the transcript withheld; for it is certain that if Mr. Llewellyn, as attorney for Higbee, participated in any manner or consented to the clerk withholding the transcript then plaintiff Higbee is precluded thereby as effectually as if he himself authorized or requested the clerk to withhold it. Of course the plaintiff in this case cannot recover the penalty provided here if either he or his attorney authorized Mr. Spangler to withhold the transcript or acceded and consented to the withholding thereof at the request of Mr. Whiteside.

The statute under which the suit was prosecuted is as follows:

"*After Change, Clerk to Transmit Record.*—When any such order shall be made by the court or judge, the clerk shall immediately make out a full transcript of the record and proceedings in the cause, including the petition and affidavit and order of removal, and transmit the same, duly certified, together with all the original papers filed in the cause, and not forming a part of the record, to the clerk of the court to which the removal is

ordered, and for failure to do so, shall forfeit one hundred dollars to the party aggrieved, to be recovered by civil action." [Sec. 825, R. S. 1899.]

There were two instructions only given by the court on the part of the defendant, the giving of each of which is assigned as error. The first is as follows:

"The court instructs the jury that unless they believe from the evidence that the holding of the transcript until the expiration of Spangler's term of office as circuit clerk prevented the plaintiff from securing a speedy trial and that he was thus aggrieved thereby, you will find for the defendant."

Now this instruction cannot be the law of the case. The statute above quoted requires the clerk, on penalty, to transmit, etc., immediately; that is, in such convenient time as is reasonably necessary for the performance of the duties enjoined thereby (Llewellyn v. Spangler, 109 Mo. App. 396) ; and upon his failure to do so, if the party, without fault, be aggrieved thereby; that is, harassed or oppressed or be denied his right to a speedy trial on account of the clerk's default; an action will lie for the penalty. [Randol v. Garoutte, 78 Mo. App. 609.] So it is if the plaintiff's cause lost its place on the May docket in the Schuyler Circuit Court and he was denied a speedy trial by reason of the failure of the clerk to transmit the transcript without authority or consent of himself or his attorney, then plaintiff was aggrieved thereby within the sense of the statute, notwithstanding the fact that Mr. Spangler's term of office had expired December 31st prior to the May term of the Schuyler Circuit court; for, if the transcript was withheld without the authority or consent of plaintiff or his counsel until the latter part of April, too late for the May term in Schuyler county, it was the negligent act of defendant in December which continued to operate and resulted in aggrieving the plaintiff by denying his right to a speedy trial in May. The instruction should have been drafted

without regard to the termination of Mr. Spangler's term of office.

The second instruction given on the part of defendant and complained of, is as follows:

"The court instructs the jury that if they believe from the evidence that an arbitration was pending and contemplated of the case of Higbee v. George T. Llewellyn by the parties or respective attorneys changed to Schuyler county and on account thereof defendant withheld the transcript until his term of office expired, you will find for the defendant."

It will be noticed that this instruction authorizes a verdict for the defendant upon the mere finding of the fact that arbitration was contemplated in the Higbee case and on account thereof, the defendant withheld the transcript. It entirely overlooks and takes no account of the fact that the defendant was not justified in withholding the transcript unless he had authority from the parties or their attorneys so to do, or at least unless the plaintiff or his attorney had knowledge of and had acceded to the request of Mr. Whiteside on the clerk to have the same withheld. For the reasons stated, the instruction was error.

It may be said that the defendant's first instruction above copied is probably identical with one incorporated in the report of the case of Llewellyn v. Spangler, 109 Mo. App. 396, and it may have been regarded by the court and counsel as having been approved in that case inasmuch as that judgment was affirmed, and for that reason, given again in this. A careful reading of the opinion in that case, however, will disclose that although the judgment was affirmed, the instructions given on the part of defendant were not approved nor condemned for the reason erroneous instructions given for defendant were not complained of in the motion for new trial. This fact is specifically mentioned in the opinion.

Even though error appear in the instructions re-

ferred to, we had hoped to be able to affirm this judgment upon the broad ground that it was for the right party if the plaintiff's attorney understood and acceded to the request of Mr. Whiteside to withhold a transmission of the transcript, for this seems to be the crucial question in the case. But upon a careful reading of the evidence, we find proof in this respect to be indeed meagre and uncertain. The inference arising from Mr. Whiteside's testimony is no doubt sufficient to send the issue to the jury, as to whether plaintiff's attorney knew and understood this request on the clerk and acceded to 'it, but it is only an inference. Mr. Spangler himself testified that neither the plaintiff nor Mr. Llewellyn for him, requested the withholding of the transcript. As we view the matter, it all depends upon whether Mr. Llewellyn understood and acceded to the request as made by Mr. Whiteside. Mr. Whiteside's testimony is not clear in that behalf; therefore the judgment will be reversed and the cause remanded. *Bland, P. J.,* and *Goode, J.,* concur.