STATE ex rel PEOPLES BANK OF SUMNER, MISSOURI, a Corporation, Appellant, v. THOMAS R. MELTON et al., Respondents.

In the Kansas City Court of Appeals, May 21, 1923.

1. INSTRUCTIONS: Circuit Clerk: Negligence: In an Action Against Circuit Clerk and His Bondsmen to Recover Damages for Negligence of Deputy in Failing to Issue and Deliver Writ of Attachment as Directed, Held Erroneous as Being Outside Issues Made by the Pleadings and the Proof. In an action against a circuit clerk and his official bondsmen to recover damages for negligence of deputy in failing to issue and deliver writ of attachment as directed, an instruction for defendants that if jury believed deputy understood plaintiff's attorney directed her to issue a summons and writ of attachment to the sheriff of a foreign State, and that she acted in good faith in issuing the same and did not understand plaintiff's attorney to direct her to issue the summons and writ to the sheriff of the county in which the suit was filed, held erroneous in submitting question of good faith, which was outside the issues made by the pleadings and the proof.

2. ———: An Instruction Must be Within Both the Pleadings and Proof. An instruction cannot be broader than the pleadings, although the evidence may take a wider range; nor on the other hand can the instruction be broader than the facts proved, although the pleadings may take a broader range.

3. ———: An Instruction Which Does Not Conform to the Evidence is Erroneous. In an action against a circuit clerk and his bondsmen to recover damages for negligence of deputy in failing to issue writ of attachment as directed, an instruction submitting to jury the question of unpaid taxes on the property sought to be attached, was erroneous because there was no evidence as to the amount of taxes and whether the same was unpaid.

Appeal from the Circuit Court of Cooper County.—*Hon. John G. Slate*, Judge.

REVERSED AND REMANDED.

*John D. Taylor* and *W. V. Draffen* for appellant.

*George F. Longan, A. L. Shortridge* and *D. E. Kenny* for respondent.

ARNOLD, J.—This is an action brought in the name of the State of Missouri at the relation of the Peoples' Bank of Sumner, Chariton County, Missouri, against Thomas R. Melton, circuit clerk of Pettis County, and his official bondsmen.

The cause originated in Pettis County and by change of venue was transferred to Cooper County, where it was tried November 1, 1921. The petition recites that on November 12, 1920, while Thomas R. Melton was clerk of the circuit court of Pettis County and while his official bond was in force, relator, by its attorney, filed its petition in the office of the said circuit clerk setting forth its cause of action in which relator was plaintiff and one Luke Shay and Sadie E. Shay were defendants, and directed the said clerk, through his duly appointed and acting deputy in charge of the said office, to issue a writ of attachment and deliver same to the sheriff of Pettis County, to be served and executed; that at the time of filing said petition and the demand for the writ, the said Luke Shay and Sadie E. Shay were indebted to relator in the sum of $961; that said Shays were residents of Wood County, Wis., but were the owners of such an interest in some real estate in Sedalia, Mo., as would have paid plaintiff's debt and costs; that it was the duty of said clerk to issue forthwith the writ of attachment so requested, but that the clerk wholly failed and refused to issue and deliver to the sheriff of Pettis County such writ as requested, and did not issue said writ until November 19, 1920, and that in the meantime said Luke Shay and Sadie E. Shay, to-wit on November 16, 1920, disposed of their said property, so to be seized under the said writ of attachment; and that because of

the alleged failure to issue and deliver the said writ of attachment, relator has been unable to collect his debt in the sum of $961 from the said Shays. Judgment is asked in the sum of $5,000, the amount of the clerk's official bond, the same to be satisfied upon the payment of $1200.

The amended answer is a general denial, and specially denies (1) that relator directed the clerk to issue a writ of attachment and deliver the same to the Sheriff of Pettis County; (2) denies negligence on the part of the clerk or his deputies, as pleaded in the petition, and that the clerk failed and refused to issue the said writ, as charged in the petition. The answer further pleads the death of defendant Thomas R. Melton, and alleges (3) that relator's attorney, upon filing the petition in the attachment suit, requested and demanded that a writ of attachment and summons be issued and directed to the sheriff of Wood County, Wis., where the defendants then resided; that the deputy clerk, at that time, stated to attorney for relator that she was not authorized to issue a writ of attachment to the sheriff of Wood County, Wis., and that under the direction and insistence of relator's attorney, such writ of attachment was issued and directed to the sheriff of Wood County, Wis.; that on November 19, 1920, the said attorney wrote to the office of the circuit clerk of Pettis County, Mo., directing the issuance of a writ of attachment to the sheriff of Pettis County, which said writ was promptly issued and delivered as requested; ''that on December 8, 1920, the said John D. Taylor again called upon the office of the circuit clerk and ordered and directed that a summons and attachment writ be issued in said cause to the sheriff of Wood County, Wis., directing him to levy upon the goods and chattels of the said Luke Shay and Sadie El. Shay, and on the 8th day of December, 1920, the said John D. Taylor instructed said Mary Hopkins to change the minute book kept in said office, and directed her to change the entry made on November 12,

1920, to show that the writ of attachment issed on that date was issued to the sheriff of Pettis County, Missouri; and that acting under his direction and advice and recognizing his authority to direct the form and contents of the record in said cause, she made a change in the entry in the minute book kept by her, and inserted in the records of said court the entry of the issuing of the writ and summons in said cause to the sheriff of Pettis County, Missouri, and the defendants state that such entry in such record is not a true record but was made under the inducement of the said John D. Taylor and by his direction and demand, and the defendants deny that the plaintiff was damaged by reason of the action of the said circuit clerk or those in charge of his office. . . ." Further the answer alleges that if any loss or damage occurred to relator, such loss and damage was occasioned by the negligence, carelessness and inefficiency of relator's counsel in erroneously directing the issuance of the writs to the Sheriff of Wood County, Wis., and by causing the records of the circuit court of Pettis County, Mo. "to be so written that such records are not a true record of the proceedings in said cause."

The reply was a general denial.

The cause was tried to a jury and the verdict was for defendants. Judgment was entered accordingly. A motion for a new trial was unsuccessful and relator appeals.

Only two assignments of error are urged by relator, viz.: (1) That the court in giving defendant's instruction No. 1, which reads: "If the jury shall find and believe from the evidence in this case that Miss Mary Hopkins, deputy circuit clerk of the circuit court of Pettis County, Missouri, understood plaintiff's attorney in the suit filed in said circuit court wherein Peoples Bank of Sumner, a corporation was plaintiff and Luke Shay and Sadie E. Shay, his wife, were defendants, directed her to issue a summons and writ of attachment in said cause

to the sheriff of Wood County, State of Wisconsin, and that she acted in good faith in issuing said writ and summons . . . and did not understand plaintiff's attorney to direct her to issue a summons and writ . . . to the sheriff of Pettis County, State of Missouri, and that she acted in good faith in not issuing a summons and writ of attachment in said cause to the sheriff of Pettis County, Missouri, then the plaintiff cannot recover and your finding must be for the defendants."

It is insisted this instruction is not based upon the issues raised by the pleadings and the evidence.

The petition is quite positive in charging that the instructions given by relator's counsel were that the writ of attachment be issued and delivered to the sheriff of Pettis County, Mo. The answer is quite as positive that relator's counsel directed the issuance of the writ of attachment and summons to the sheriff of Wood County, Wis. The testimony is as contradictory as the pleadings.

We find nothing of record in either the pleadings or the evidence upon which an instruction of this character might be based. Relator insists, and we think properly that this instruction broadens the issues, in that it directs the jury that if they believe from the evidence that the deputy clerk "understood plaintiff's attorney . . . directed her to issue a summons and writ of attachment . . . to the sheriff of Wood County, Wis., and that she acted in good faith . . . and did not understand plaintiff's attorney to direct her to issue a summons and writ of attachment . . . to the sheriff of Pettis County, Mo., and that she acted in good faith . . . then plaintiff cannot recover and your finding must be for defendants." This instruction is so obviously outside the issues made by the pleadings and the proof that it is clearly erroneous.

In this ruling, we are not in any way infringing the rule laid down in Llewellyn v. Spangler, 109 Mo. App. 404, 88 S. W. 1021, to which our attention is called by defendants. In that case the question was one of good

faith, whereas the pleadings in the case at bar raise no such issue. Here the clear cut and positive issue is, Did, or did not, relator's counsel order the writ of attachment and summons to the sheriff of Wood County, Wisconsin? The question of good faith is not found in the pleadings or the proof, and the instruction is based upon an issue not in the case. The plaintiff's cause of action is not dependent upon what the deputy clerk "understood" plaintiff's counsel to direct, but upon whether he directed the writ to issue to Pettis County.

The rule that an instruction should not be broader than the issues is well established. [Young v. Dunlap, 195 Mo. App. 119, 190 S. W. 1041.] The instruction must be within both the pleadings and proof. [State ex rel. v. Ellison, et al., 270 Mo. 645, 195 S. W. 722.] The rule is tersely stated in Degonia v. Railroad, 224 Mo. 564, l. c. 589, where it is said, "an instruction cannot be broader than the pleadings, although the evidence may take a wider range; nor on the other hand can the instruction be broader than the facts proven, although the pleadings may take a broader range. In other words, the instruction must be within the purview of both the pleadings and the evidence. [Mansur v. Botts, 80 Mo. l. c. 658; Bank v. Murdock, 62 Mo. 70.]"

We think the instruction against which complaint is urged is erroneous and prejudicial.

A charge of error is also directed against defendants' instruction No. 2, which we think well founded, to the effect that it submits to the jury the question of unpaid taxes on this property, sought to be attached. There was no evidence before the jury as to the amount of taxes and whether the same was unpaid. The instructions must conform to the evidence. The giving of this instruction was error.

For the reasons above stated, the judgment is reversed and the cause remanded for a new trial.

All concur.