STATE OF MISSOURI, Respondent, v. N. T. CLEVENGER, Appellant.

**St. Louis Court of Appeals, February 9, 1886.**

1. CONSTRUCTION OF STATUTES—APPEALS.—The word "immediately," when used in a statute, is not synonymous with "then and there," but means such convenient time as is reasonably necessary for doing the thing.

2. APPEALS—JUSTICES—CRIMINAL LAW.—An appeal taken from the judgment of a justice in a criminal action on the day next succeeding the day on which judgment was rendered, is *prima facie* taken within a reasonable time.

3. CRIMINAL LAW—INFORMATION.—An information in a criminal action must be so specific as to state the exact offence of which the defendant is charged.

APPEAL from the Lawrence County Circuit Court, M. G. McGREGOR, Judge.

*Reversed and remanded.*

N. GIBBS, for the appellant.

W. H. Skinner, for the respondent.

Rombauer, J., delivered the opinion of the court.

Upon an information filed by the prosecuting attorney, before a justice of the peace, the defendant was convicted, January 13, 1885, of selling liquor without license.

On the next succeeding day he filed an affidavit and bond for appeal, and was granted an appeal to the circuit court. At the return term of the appeal, the prosecuting attorney moved to dismiss it, because it was not taken immediately after the judgment was rendered. The motion was sustained by the court, and the defendant appeals.

The statute provides that any person convicted before a justice of the peace, may appeal, if he shall, immediately after judgment is rendered, file an affidavit, etc., and shall, also, enter into recognizance in such sum as the justice shall deem proper, with good and sufficient sureties, to be approved by him, etc.

Upon hearing of the motion, the only evidence offered by the state, was the transcript of the justice reciting the facts that the defendant was tried and found guilty, January 13, and appealed January 14, 1885.

It is evident that the trial court, in passing upon the motion, construed the word, "immediately," as meaning "then and there," or, "on the same day." The words, "forthwith," "immediately," "instanter," taken alone, exclude all mesne time; they have, however, not received that construction when applied to legal proceedings, or when fixing the time within which an act was to be done. Legal lexicographers define them as being synonymous with "within twenty-four hours." 1 Bouv. L. Dict. 682; 1 Ab. L. Dict. 581. But the most accurate definition is that adopted by Baron Alderson in *Thompson v. Gibson* (8 Mees. & W. 281), "such convenient time as is reasonably requisite for doing the thing." That definition has substantially been adopted by American courts. *Richardson v. End*, 43 Wis. 316; *McLure v. Colclough*,

17 Ala. 89, 100; *Gaddis v. Howell*, 31 N. J. L. 313; 1 Bish. Cr. Proc., sect. 409.

In the case under consideration, the statute requires the defendant to make his affidavit and enter into recognizance, with good and sufficient sureties, immediately after judgment is rendered. The context shows that the word immediately does not mean then and there, but is equivalent with the words, with all convenient speed. An appeal perfected, within the next succeeding day after the judgment is rendered, would *prima facie* satisfy the statute. The burden of proof would lie with the state to show that it was not taken with all convenient speed. If the appeal is not taken on the day next succeeding the judgment, the burden to show that it was taken within such time as was reasonably requisite for perfecting the appeal would lie with the appellant.

This being our view, it results that the court committed error in dismissing the appeal. It treated the fact that the appeal was not taken until the day next succeeding the judgment, as *prima facie* evidence of the fact, that it was not taken with all convenient speed.

Before a re-trial of the cause, the state should amend its information. If the defendant is to be charged both with selling liquor and with giving it away, the information should contain an appropriate count for each offence. If he is to be charged with selling liquor only, the words, "or give away," are surplusage, and should be stricken from the information.

A defendant is entitled to know by the terms of the information with what exact offence he is charged, so as to prepare for trial accordingly. *The State v. Flint*, 62 Mo. 393, 400; Rev., Stat. sect. 1766.

The judgment is reversed and the cause remanded. All the judges concur.