STATE ex rel., Clifford WILSON,
Relator,

v.

Hon. Michael J. HART, Judge, Judge of the Circuit Court of the City of St. Louis, Missouri, Division No. 2, Respondent.

No. 41376.

Missouri Court of Appeals,
Eastern District,
Division Three.

May 15, 1979.

Motion for Rehearing and/or Transfer Denied June 15, 1979.

James E. Crowe, St. Louis, for relator.

Timothy V. Barnhart, St. Louis, for respondent.

REINHARD, Presiding Judge.

This is a proceeding on a writ of prohibition. On February 6, 1979, a primary election was held relative to the Democratic nomination for alderman in Ward 4 of the City of St. Louis. Relator was declared the winner of that primary. On February 21, 1979, a petition to contest that election was filed in the court of respondent, the Honorable Michael Hart, Judge of the Circuit Court of the City of St. Louis. A summons was issued on February 26. Relator received service of process on February 27.[1] On March 1, relator, named as contestee in the petition, filed a motion to dismiss the petition to contest in the court of Judge Hart, alleging that service of process had not been effected in the manner required by law. Specifically, relator asserted that service of process did not comply with the requirements of § 115.533 RSMo. (Supp. 1977). Judge Hart overruled the motion to dismiss and indicated his intention to proceed with the case.

On March 2, relator filed with this court a Petition for a Writ of Prohibition, setting forth the above facts, alleging that the circuit court lacked jurisdiction to proceed with the case, and requesting this court to order respondent to dismiss the action. Relator filed suggestions in support of his petition, and respondent countered with suggestions in opposition to the writ. Following arguments on March 2, 1979, for the reasons enumerated below, this court issued a permanent writ of prohibition commanding the circuit court to dismiss the election contest petition with this opinion to follow.

The issue arising from these facts must be resolved under the terms of the statutes governing election contests. § 115.527 et seq. RSMo. (Supp.1977). The statutes governing elections are a code unto themselves. The right to contest an election exists only as defined by statute, and the jurisdiction of the circuit court is confined strictly to those statutory provisions governing election contests. *State ex rel Bushmeyer v. Cahill*, 575 S.W.2d 229, 232 (Mo.App.1978); *State ex rel Craig v. Grimm*, 542 S.W.2d 335, 337 (Mo.App.1976). Illuminated by the provisions of these statutes, the facts of this case reveal inadequate service of process precluding the circuit court from gaining jurisdiction over the relator in this case.

The decisive statutory provision is § 115.-533(1), which reads as follows:

*Immediately* after a petition is filed, the clerk of the circuit court, shall issue a summons upon the petition to the contestee, returnable by the day designated by the circuit court to the circuit court. The summons shall be served in any county of the state in the same manner provided for service of process in civil actions. If the contestee cannot be found within two days, the summons shall be served by leaving the summons and a copy of the petition at the residence address shown on the contestee's declaration of candidacy and by posting the summons in a conspicuous place in the office of the clerk of the circuit court. (Emphasis added.)

1. General election date: April 3, 1979.

We construe "immediately" as used in this statute to mean the same day on which the petition is filed. Were it construed otherwise, such construction would disrupt the specific time requirements established in other statutory provisions governing election contests, thereby undermining the statute's purpose of assuring an early resolution of election disputes. *State ex rel Bushmeyer v. Cahill*, 575 S.W.2d at 234. This construction of "immediately" is supported by the terms of § 115.533(3), which state that "*[n]ot later* than four days after the petition is filed, the contestee may file an answer to the petition . . . ." (Emphasis added.) Were we to validate the procedure followed in the present case, the contestee would not have been served within the time allowed for his filing an answer. A similar conflict would also arise in applying § 115.537, which provides that "*[n]ot later than five days after the petition is filed*, a preliminary hearing *shall* be held to determine whether there shall be a recount . . . ." (Emphasis added.) Again, were we to condone the instant service, the required hearing would have been on the same day the summons was served.[2]

Respondent has offered three cases to aid us in our construction of "immediately" as used in this context: *State ex rel City of St. Louis v. Priest*, 458 Mo. 37, 152 S.W.2d 109, 113 (1941) (wherein the court discusses the extensive duties of the court clerk); *Llewellyn v. Spangler*, 109 Mo.App. 396, 88 S.W. 1021, 1024 (1905) ("immediately" as used in context construed to mean in such convenient time as is reasonably necessary); and *State v. Clevenger*, 20 Mo.App. 626 (1886) (defining "immediately," as used in context, to be equivalent to the phrase "with all convenient speed"). See *City of St. Louis v. R. J. Gunning Co.*, 138 Mo. 347, 39 S.W. 788, 790 (1897), overruling *Clevenger*.

These cases are not persuasive. Aside from various material factual distinctions,

none of these cases involved statutes governing elections, widely recognized as a code unto themselves. *State v. Consolidated Sch. Dist. No. 4 of Iron County*, 417 S.W.2d 657, 660 (Mo. banc 1967). Furthermore, the constructions given "immediately" in those cases would fail to account for the express time requirements articulated in the other election provisions discussed above and would ignore the object of celerity which pervades the election contest statutes.[3]

To insure compliance with the time strictures of these other provisions, we further must construe the language of § 115.533(1), "If the contestee cannot be found within two days," to mean within two days from the filing of the petition, which would also be within two days of issuance of the summons, under our construction of "immediately."

Under the present facts, the summons was not even issued until February 26, though the petition was filed on February 21. The sheriff served the summons the day after its issuance. Adherence to the terms of § 115.533, as construed by this court, would have entailed an attempt to personally serve relator for the first two days after the petition was filed; if the relator had not been found within that period, service of process would then have been effected by leaving the summons and a copy of the petition at relator's residence and posting the summons in the office of the clerk of the circuit court. This was not done. Proper service in the form and manner required by law is a prerequisite to the court's acquiring jurisdiction over the person. *State ex rel. Craig v. Grimm*, 542 S.W.2d at 337. Although the error may well have been the clerk's this circumstance should not work to relator's prejudice. Id at 338.

---

**2.** Even excluding Saturday and Sunday, February 24 and 25, the service of process was still not in compliance with the statute.

**3.** Indicative of the special consideration to be given election contests and the implicit need for a speedy resolution is § 115.535: "The contest-

ed election shall have preference in the order of hearing to all other cases and shall be commenced at the date set and heard day to day, *including evenings and weekends if necessary*, until determined." (Emphasis added.)

The improper service of process left the respondent without jurisdiction over relator, and we hereby order respondent to dismiss the election contest petition and refrain from proceeding further in this cause.

SMITH and SNYDER, JJ., concur.