

# In the
# Missouri Court of Appeals
# Western District

PROGRESS MISSOURI, INC. ET AL.,

　　　　　　Appellants,

v.

MISSOURI SENATE ET AL.,

　　　　　　Respondents.

WD79459

OPINION FILED:

JUNE 28, 2016

**Appeal from the Circuit Court of Cole County, Missouri
The Honorable Jon Edward Beetem, Judge**

**Before Division Three: Mark D. Pfeiffer, P.J., James E. Welsh, Anthony Rex Gabbert, JJ.**

Progress Missouri, Inc. et al., (Progress) appeals the circuit court's grant of Missouri Senate et al.'s (the Senate) motion to dismiss Progress's Petition alleging the Senate's violation of Section 610.020, RSMo 2000, Missouri's Sunshine Law, and seeking a declaration that the Senate had violated Progress's freedom of speech and association, with an injunction barring the Senate from prohibiting Progress and others from recording hearings before Senate committees. Progress asserts two points on appeal. First, Progress contends that the circuit court erred in granting the Senate's motion to dismiss Count I of Progress's petition because Progress's statutory claims do not invoke political questions immune from judicial review. Second, Progress contends that the court erred in granting the Senate's motion to dismiss Count II of Progress's petition because the petition states a claim for violation of freedom of speech and

association in that the Senate has granted the right to record open meetings to others and has denied Progress that right in an unconstitutional manner. We affirm.

On April 15, 2015, Progress filed a two-count petition. Count I of the petition alleges that the Senate prohibited Progress from videotaping open meetings of various Senate committees in violation of Missouri's Sunshine Law, Section 610.020.3, which provides that:

> A public body shall allow for the recording by audiotape, videotape, or other electronic means of any open meeting. A public body may establish guidelines regarding the manner in which such recording is conducted so as to minimize disruption to the meeting. No audio recording of any meeting, record, or vote closed pursuant to the provisions of section 610.021 shall be permitted without permission of the public body; any person who violates the provision shall be guilty of a class C misdemeanor.

Senate Rule 96 is a written guideline established by the Senate that addresses camera usage within Senate committee meetings. It provides that "[p]ersons with cameras, flash cameras, lights, or other paraphernalia may be allowed to use such devices at committee meetings with the permission of the Chairman as long as they do not prove disruptive to the decorum of the committee." Count I of Progress's petition argues that various chairmen of Senate committees have prohibited Progress from filming meetings and Senate Rule 96 is not an exception to Missouri's Sunshine Law and does not allow the Senate to deny permission to Progress to videotape hearings in the absence of evidence that such recordings will prove disruptive.

Count II of Progress's petition alleges that the Senate violated Progress's freedom of speech and association by (1) applying policies and Senate Rule 96 to prohibit Progress from filming open meetings of committees, yet allowing the Missouri Capitol News Association to film meetings, (2) making membership in the Missouri Capitol News Association a condition for filming, (3) arbitrarily denying Progress permission to record meetings, and (4) giving Chairmen of Senate committees unfettered discretion to deny permission to record open meetings.

2

On May 22, 2015, the Senate filed a Motion to Dismiss Progress's petition on the grounds that, among other things, Progress's petition acknowledged that committee meetings are recorded by Senate Communications and made available to the public. The Senate argued that the recording and availability of committee meeting recordings to the public via Senate Communications, as well as allowing the Missouri Capitol News Association[1] to record meetings, satisfies Missouri's Sunshine Law. The Senate contended that, Missouri's Sunshine Law explicitly authorizes the Senate to "establish guidelines regarding the manner in which such recording is conducted so as to minimize disruption to the meeting" and the Senate has done just that via Senate Rule 96. The Senate further argued that, its right to promulgate and enforce its own rules was constitutionally governed as Missouri's Constitution authorizes the Senate to "determine the rules of its own proceedings." Mo. Const., Art. III, § 18. Consequently, it contended that any argument by Progress challenging Senate Rule 96 itself was nonjusticiable as a "political question."

On June 30, 2015, the circuit court granted the Senate's Motion to Dismiss on the grounds that the Senate was given the constitutional authority to determine the rules of its own proceedings, thereby invoking the political question doctrine and rendering Progress's claims regarding Senate Rule 96 and the Senate's application of this rule nonjusticiable. The court also found that Progress had no constitutional right, under free speech or association, to personally record open public meetings. This appeal follows.

"The standard of review for a trial court's grant of a motion to dismiss is *de novo*." *Lynch v. Lynch*, 260 S.W.3d 834, 836 (Mo. banc 2008). We view the facts as true and in the light most

---

[1]Progress's petition states that the Missouri Press Corps and the Missouri Capitol News Association are one in the same. The Senate, in its Suggestions in Support of Defendants' Motion to Dismiss, references these as two separate entities. The distinction, if any, is not significant to our analysis of the issues herein.

favorable to the plaintiff. *Id.* "If the petition sets forth any set of facts that, if proven, would entitle the plaintiffs to relief, then the petition states a claim." *Id.* We will affirm the dismissal if it was appropriate on any ground supported by the motion to dismiss. *Reid v. Steelman*, 210 S.W.3d 273, 279 (Mo. App. 2006).

In its first point on appeal, Progress contends that the circuit court erred in granting the Senate's motion to dismiss Count I of Progress's petition because Progress's statutory claims do not invoke political questions immune from judicial review. Progress argues that, (1) Missouri's Sunshine Law binds the Senate, (2) the constitutionality of the Sunshine Law as applied to the Senate is a question for this court to decide, and (3) the Senate's actions transgress identifiable textual limits in the Constitution. We find no error.

As stated, Missouri's Sunshine Law provides that: "A public body shall allow for the recording by audiotape, videotape, or other electronic means of any open meeting. A public body may establish guidelines regarding the manner in which such recording is conducted so as to minimize disruption to the meeting." § 610.020.3. In paragraph twenty-seven of Progress's petition under "FACTS APPLICABLE TO ALL COUNTS," Progress states that it was informed by Senator David Sater, Chairman of the Senate Seniors, Families, and Children Committee, that Senate Communications records every committee hearing and that copies of those recordings can be requested from its office. Although Progress's petition states in paragraphs twenty-nine, thirty, and thirty-five under "FACTS APPLICABLE TO ALL COUNTS" that Senate Communications failed to record one committee meeting and portions of two other meetings, the focus of Progress's grievance in Count I is not with the inadequacy and/or unavailability of committee meeting recordings via Senate Communications but, rather, with Progress's inability

4

to also record the meetings. Progress's petition argues that Missouri's Sunshine Law requires the Senate to allow any attendee to record committee meetings as long as doing so is not disruptive.

First, because Missouri's Sunshine Law expressly allows for the creation of guidelines to effectuate the recording of public meetings while minimizing disruption, and there is no dispute that the Senate requires Senate Communications to record committee meetings and to make those recordings available to the public, Progress's contention that the Senate must allow Progress to personally record meetings fails to sufficiently articulate a claim for violation of the statute. Contrary to Progress's assertion, the statute does not state that all attendees must be allowed to record meetings so long as doing so is not disruptive; rather, it grants discretion to each individual public body affected by the law to define for itself, through guidelines, how best to enforce the law while minimizing disruption to the meetings of that particular public body. Progress's petition ignores that Missouri's Sunshine Law gives authority to the Senate to promulgate rules to enforce the law and, simply, fails to allege or otherwise show how the rules put in place by the Senate exceed the parameters of that authority. While Progress made the general contention in its Suggestions in Opposition to Defendants' Motion to Dismiss that "even if Senate Communications recorded every meeting, Plaintiffs would still have a right to film them too," nowhere in Count I of Progress's petition does Progress explain how Missouri's Sunshine Law mandates that right or how the mandate to "allow for the recording" is not satisfied by the Senate directing Senate Communications to record committee meetings and to make those recordings available to the public. While Progress further argued in its Suggestions in Opposition to Defendants' Motion to Dismiss that the Senate does not "allow for the recording" of committee meetings because the Senate has stated that it "may" deny anyone permission to record, an expression by the Senate that it "may" take measures at some future

5

point in time does not present a ripe controversy. "A justiciable controversy requires standing and ripeness." *Geier v. Missouri Ethics Commission*, 474 S.W.3d 560, 569 (Mo. banc 2015). "A claim is not ripe for adjudication if it 'rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all.'" *Id.* (quoting *Texas v. United States*, 523 U.S. 296, 300 (1998).

Consequently, insofar as Senate Rule 96 might be considered a guideline under Section 610.020.3 that effectuates 610.020.3, Progress's petition fails to state how this rule and the Senate's implementation of this rule is not in compliance with Missouri's Sunshine Law.[2] Beyond this, insofar as Senate Rule 96 is an internal rule governing its own proceedings, Progress's challenge to this rule presents a nonjusticiable political question.

"The political question doctrine establishes a limitation on the authority of the judiciary to resolve issues, decidedly political in nature, that are properly left to the legislature." *Maryland Heights Leasing, Inc. v. Mallinckrodt, Inc.*, 706 S.W.2d 218, 220 (Mo. banc 1985). Political questions are immune from judicial review. *Bennett v. Mallinckrodt, Inc.*, 698 S.W.2d 854, 864 (Mo. App. 1985). The judiciary must decline deciding certain matters if

> '[p]rominant on the surface of any case held to involve a political question [there] is found a textually demonstrable constitutional commitment of the issue to a coordinate political department; or a lack of judicially discoverable and manageable standards for resolving it; or the impossibility of deciding without an initial policy determination of a kind clearly for nonjudicial discretion; or the impossibility of a court's undertaking independent resolution without expressing lack of the respect due coordinate branches of government; or an unusual need for unquestioning adherence to a political decision already made; or the

---

[2]While Progress further contended in its Suggestions in Opposition to Defendants' Motion to Dismiss that Senate Communications has failed to record all meetings, Progress's petition makes no allegation that Senate Communications's failure to record was a violation of Missouri's Sunshine Law. Progress acknowledges that one such failure was due to "technical issues" and "replacing data storage devices" in Senate Communication cameras. As stated above, Progress assumes that, even if Senate Communications recorded all meetings, the Senate would still be in violation of Missouri's Sunshine Law.

potentiality of embarrassment from multifarious pronouncements by various departments on one question.'

*Id.* at 864 (quoting *Baker v. Carr*, 369 U.S. 186, 217, 82 S.Ct. 691, 710, 7 L.Ed.2d 663 (1962)). Missouri's Constitution expressly provides that the Senate "may determine the rules of its own proceedings." Mo. Const. Art. III, § 18. This authority is only limited by "exceptions provided in the Constitution itself." *State ex inf. Danforth v. Cason*, 507 S.W.2d 405, 413 (Mo. 1973). Therefore, insofar as Senate Rule 96 is a rule governing its own proceedings, it flows from the Senate's exercise of the commitment of power granted to it by the Missouri Constitution and is not reviewable by this court.

Progress contends that Senate Rule 96 is not a rule governing its own proceedings because "proceedings" references the processing of bills and, therefore, "rules of its own proceedings" is limited to "rules relating to the processing of bills." We disagree. Progress provides no persuasive support for this narrow interpretation, either through the plain language of Missouri's Constitution or relevant case law. We note that courts in other states have rejected similar arguments.

In *Des Moines Register and Tribune Co. v. Dwyer*, 542 N.W.2d 491 (Iowa 1996), the *Des Moines Register* alleged that the Iowa Senate's policy regarding release of Senate telephone records violated Iowa's open records law after the *Des Moines Register* was denied detailed telephone records kept by the Iowa Senate. *Id.* at 494. The Iowa Constitution has a provision, similar to Missouri's Constitution, which grants authority to its legislative houses to "determine its rules of proceedings." *Id.* In *Des Moines Register* the lower court ruled that the Iowa Senate's policy regarding the release of its telephone records was within its constitutional authority to "determine its rules of proceedings" and, therefore, the matter constituted a

7

nonjusticiable political question. *Id*. The newspaper appealed arguing that the court had interpreted "rules of proceedings" too broadly and that genuine issues of material fact existed as to whether the policy at issue was a rule of proceeding. *Id*. at 494-495. The Iowa Supreme Court disagreed. While the Court declined to establish a "bright line" definition of a senatorial rule of proceeding, indicating that such requires a case-by-case analysis, it determined after review of several other states' interpretations of similar constitutional language that, courts generally give legislative "rules of proceedings" a broad interpretation. *Id*. at 498. The Court noted:

> When faced with similar issues, courts have described legislative rules of proceedings as follows: (1) rules which govern the internal workings of the legislature; (2) statutes which relate solely to the internal organization of the legislature; (3) rules which apply to a branch of government itself rather than to members of that body; (4) internal rules which govern acts that occur in the regular course of the legislative process; and (5) internal operating procedures.

*Id*. (internal quotation marks and citations omitted). Garnering support from similar cases in other states where open meetings/records laws allegedly conflicted with rules within state legislatures, the Court concluded that the Iowa Senate's rules governing release of its telephone records were rules of procedure and, therefore, nonjusticiable. *Id.* at 500-503 (citing *Moffitt v. Willis*, 459 So. 2d 1018, 1019 (Fla.1984) and *Abood v. League of Women Voters*, 743 P.2d 333, 334 (Alaska 1987)).

Given that a plain understanding of the words "own proceedings" in Missouri's Constitution can undoubtedly encompass the Senate's committee hearings, we find Progress's narrow interpretation of the constitutional language without support and, consequently, its contention regarding the justiciability of its claims without merit.

We find that the circuit court did not err in granting the Senate's motion to dismiss Count I of Progress's petition. Insofar as Senate Rule 96 might be considered a guideline under Section 610.020.3 that effectuates Section 610.020.3, Progress's petition fails to state how this rule and the Senate's implementation of this rule is not in compliance with Missouri's Sunshine Law. Insofar as Senate Rule 96 is an internal rule governing its own proceedings, Progress's challenges regarding this rule present nonjusticiable political questions. Point I is denied.

In its second point on appeal, Progress contends that the circuit court erred in granting the Senate's motion to dismiss Count II of Progress's petition because the Petition states a claim for violation of freedom of speech and association in that the Senate has granted the right to record open meetings and has denied Progress that right in an unconstitutional manner. Progress argues that the court misconstrued its claim to be that Progress has a "free-standing, constitutional right to record" and that, its "theory is that once a state grants a right – in this case, access to record committee meetings – it cannot deny that right in a discriminatory or unconstitutional manner."

First, we note that Progress's petition makes no mention of its "theory" that once a state grants a right it cannot deny that right in a discriminatory or unconstitutional manner. This "theory" was first mentioned in Progress's Suggestions in Opposition to Defendants' Motion to Dismiss. Nevertheless, because it is undisputed that Senate Communications records committee meetings and makes those recordings available to Progress and, therefore, Progress has access to the end product that Progress purports to desire – recordings – Progress's constitutional argument really does boil down to a claim that it has a free-standing, constitutional right to record.

Progress acknowledges that Missouri's General Assembly enacted Section 610.020 to "reflect[] the state's commitment to openness in government." *News-Press and Gazette Co. v. Carthcart*, 974 S.W.2d 576, 578 (Mo. App. 1998). To effectuate this commitment, Section

9

610.020 requires, among other things, that public bodies allow for the recording of public meetings. Count II of Progress's petition acknowledges its ability to obtain recordings of committee meetings through Senate Communications but contends that "[r]equiring Plaintiffs to obtain recordings of hearings through Senate Communications is not a reasonable alternative." Yet, neither the policy behind Missouri's Sunshine Law, nor the law itself, creates a right to personally record meetings. If the State has granted any right by its provision that a "public body shall allow for the recording … of any open meeting," it is the right to the end product, i.e. recordings, not the right to personally record meetings which is a method to reach that end. It is the end, not the means, which satisfies this law. As meeting recordings are available to Progress upon request, Progress cannot support the allegations in Count II that it is being forced to join a private organization or that Progress is being discriminated against "based on the content and/or view of their message and what they intend to say." Regardless of its views, message, or refusal to join a private organization, Progress is not prohibited from accessing meeting recordings. Therefore, because Missouri's Sunshine Law gives the Senate the authority to establish rules regarding recordings, and any right created by the statute to recordings of meetings is satisfied by the Senate making recordings available to Progress, Progress's allegation that "[r]equiring Plaintiffs to obtain recordings of hearings through Senate Communications is not a reasonable alternative" is insufficient to state a claim for a constitutional violation. Without a constitutional claim, it is not within our province to trespass upon the Senate's constitutional authority to determine the rules of its own proceedings. This would be required to address Progress's additional allegations regarding the Senate's internal policies and application of Senate Rule 96. We find that the circuit court did not err in dismissing Count II of Progress's petition for failure to state a constitutional claim. Point II is denied.

10

We conclude, therefore, that the circuit court did not err in granting the Senate's motion to dismiss Count I of Progress's petition. Insofar as Senate Rule 96 might be considered a guideline under Section 610.020.3 that effectuates Section 610.020.3, Progress's petition fails to state a claim with regard to how this rule and the Senate's implementation of this rule is not in compliance with Missouri's Sunshine Law. Insofar as Senate Rule 96 is an internal rule governing its own proceedings, Progress's challenge to this rule presents a nonjusticiable political question. Further, the circuit court did not err in granting the Senate's motion to dismiss Count II of Progress's petition as it failed to state a constitutional claim. We affirm the circuit court's judgment.

_____
Anthony Rex Gabbert, Judge

All concur.

11