

# In the Missouri Court of Appeals
# Eastern District

DIVISION SIX

JERMOND L. MOSLEY,                  )       ED104847

       )

       Appellant,              )       Appeal from the Circuit Court of

       )       St. Louis County

v.                              )       16SL-CC03255

       )

KEITH A. ENGLISH,            )       Honorable Joseph S. Dueker

       )

       Respondent.           )       Filed:  October 14, 2016

This expedited appeal involves an election contest filed by Jermond Mosley ("Contestant Mosley") challenging the qualifications of incumbent State Representative Keith English ("Contestee English") to appear as a candidate on the November 8, 2016 general election ballot. Contestant Mosley appeals the trial court's judgment dismissing his election contest petition. For reasons explained herein, we reverse and remand.

## BACKGROUND

In January 2016, Contestant Mosley[1] duly filed a declaration for nomination as the Democratic candidate to the office of state representative for the 68th district, which is located in St. Louis County. Thereafter, upon receiving the highest number of votes in the August 2, 2016

---

[1] "Contestant" is defined as the "challenger." See Section 115.526.3.

Democratic primary, Contestant Mosley became the Democratic nominee for the office stated above and whose name shall appear on November 8, 2016 general election ballot.

On July 26, 2016, Contestee English[2] filed petitions and a declaration as an Independent candidate for election to the office of state representative for the 68th district. Subsequently, the Secretary of State for the State of Missouri ("Secretary") certified Contestee English as the Independent nominee for the office stated above and ordered his name to appear on the November 8, 2016 general election ballot.[3]

On Saturday, September 3, 2016, Contestant Mosley electronically filed, with the Circuit Court of St. Louis County, his verified petition ("Petition") challenging the qualifications of Contestee English to seek or hold the office of state representative for the 68th district. In his three count Petition, Contestant Mosley challenged Contestee's qualifications to seek or hold office as follows: (1) in Count I, Contestant Mosley contended Contestee English failed to meet the durational residency mandate, pursuant to Article III, § 4 of the Missouri Constitution; (2) in Count II, Contestant Mosley alleged Contestee English fraudulently attested to the circulation of the nominating petition provided to the Secretary; and (3) in Count III, Contestant Mosley claimed Contestee English provided insufficient signatures with his nominating petition to the Secretary.

As the Circuit Court of St. Louis County remained closed Saturday September 3, 2016 through Monday, September 5, 2016 (in observation of Labor Day), the Circuit Clerk did not issue a summons until Tuesday, September 6, 2016. On September 7, 2016, Contestee English filed his Answer.

---

[2] "Contestee" is defined as "the candidate whose declaration of candidacy or qualifications are challenged." See Section 115.526.3.

[3] In 2012, and again in 2014, Contestee English was elected as a Democrat to hold the office of state representative for the 68th district.

Thereafter, the trial court issued an order to expedite the proceedings. On September 9, 2016, Contestee English filed a Motion to Dismiss alleging, *inter alia*: (1) all three counts of Contestant Mosley's Petition were time-barred under Section 115.526.2; and (2) in the alternative, Counts II and III of Contestant Mosley's Petition were time-barred under Section 115.333. In response thereto, Contestant Mosley filed Suggestions in Opposition, vowing, *inter alia*, all three counts of his Petition were not time-barred because Section 115.401 governed.

On September 15, 2016, the trial court entered its written judgment dismissing Contestant Mosley's Petition in its entirety ("Judgment"). In support of its Judgment, the trial court reasoned:

> [N]either party provided the Court with binding authority which specifically defines the precise point at which he [Secretary] issues such "*certification*." However, MO. REV. STAT. Section 115.333.1, which Contestee [English] offers and which, among other things, relates to the Secretary of State's *determination* as to whether or not an independent candidate had complied with certain statutory requirements so as to qualify as a candidate at the general election, states the Secretary of State "shall, not later than the eleventh Tuesday prior to the general election, issue a statement setting forth such persons' *determination*." This Court finds that the Secretary of State's statement of *determination* regarding independent candidates under Section 115.333 is tantamount to the Secretary of State's *certification* or "official announcement" of a primary election winner under Sections 115.497 – 115.511. . . . Therefore, under Section 115.526.2, Contestant [Mosley] was required to file his challenge "not later than five days after" August 23. Here, [Contestant Mosley's] Petition was not filed until September 3, 2016.

(emphasis in original).

Contestant Mosley now appeals.

## DISCUSSION

In his sole point on appeal, Contestant Mosley asserts the trial court erred as a matter of law in sustaining Contestee English's motion to dismiss, concluding Contestant Mosley filed his Petition outside the applicable statute of limitations. Specifically, Contestant Mosley avers Section 115.333, as a matter of law, does not govern the "certification" timeframe for purposes

3

of filing an election contest petition, under Section 115.526. Rather, Contestant Mosley contends Section 115.410, as a matter of law, governs the "certification" timeframe. But for the trial court's misapplication of the law, Contestant Mosley maintains his Petition would have been deemed timely filed.

### *Jurisdiction*

At the outset, we are confronted with Contestee English's challenge to the jurisdiction of both the trial court and this court to entertain Contestant Mosley's Petition and this subsequent appeal. Hart v. Bd. of Adjustment of City of Marshall, 616 S.W.2d 111, 113 (Mo. App. W.D. 1981) ("Regardless of the manner in which it is stated, it is a well-settled principle of law that where the trial court did not have jurisdiction to determine the issues presented on the merits, the court of appeals jurisdiction does not extend to a determination of the appeal on the merits.").

Election contests in the State of Missouri are governed by Sections 115.526 through 115.601. Wright-Jones v. Johnson, 256 S.W.3d 117, 180 (Mo. App. E.D. 2008); see also Section 115.526, *et seq.* The right to contest an election is not a common law or equitable right, but, rather, the right to contest an election is only conferred by virtue of statute. Wright-Jones, 256 S.W.3d at 180; see also Harter v. Kehm, 733 S.W.2d 775, 777 (Mo. App. E.D. 1987) ("[W]e are without jurisdiction to entertain a petition for relief in an election contest where none is specifically granted by statute.") "Election contest statutes 'are a code unto themselves,' and election contest procedures are 'exclusive and must be strictly followed as substantive law.'" Chastain v. James, 463 S.W.3d 811, 819 (Mo. App. W.D. 2015) (quoting in part Foster v. Evert, 751 S.W.2d 42, 44 (Mo. banc 1988)); see also Vowell v. Kander, 451 S.W.3d 267, 272 (Mo. App. W.D. 2014) (official candidacy for public office is a protectable, legal interest,

necessitating the need for official, statutory procedures for challenging and terminating such candidacy).

The party requesting relief via one of the election contest statutes must bring himself or herself within its terms. Wright-Jones, 256 S.W.3d at 180; see also State ex rel. Wilson v. Hart, 583 S.W.2d 550, 551 (Mo. App. E.D. 1979) ("The right to contest any election exists only as defined by statute, and the jurisdiction of the circuit court is confined strictly to those statutory provisions governing elections contests."). "Strict compliance with the election contest statutes is necessary to confer subject matter jurisdiction upon the trial court." Wright-Jones, 256 S.W.3d at 180.

Pursuant to Section 115.533, "*[i]mmediately* after a petition is filed [pursuant to Section 115.526] the clerk of the circuit court shall issue a summons upon the petition to the contestee, returnable by the day designated by the circuit court." Section 115.533.1 (emphasis added).

More than thirty years ago, this court undertook the interpretation of the term "immediately" as employed in Section 115.533.1. See Hart, 583 S.W.2d at 552. This court concluded the construction of the term "immediately," as used in Section 115.533.1, required the circuit clerk to issue the summons "the same day on which the petition is filed." Id. Such a construction was essential, we maintained, because of the dire consequences any alternative interpretation would yield:

> Were it construed otherwise, such construction would disrupt the specific time requirements established in other statutory provisions governing election contests, thereby undermining the statute's purpose of assuring an early resolution of election disputes. This construction of "immediately" is supported by the terms of [Section] 115.533[.], which state that "(n)ot later than four days after the petition is filed, the contestee may file an answer to the petition . . . ."

Id. (internal citations omitted). Our holding and reasoning set forth in Hart is still sound.

5

In the case in bar, Contestant Mosley filed his Petition, pursuant to Section 115.526.1, on Saturday, September 3, 2016, via electronic filing. See Rule 103. As discussed in significant detail, infra, Contestant Mosley's Petition was timely filed as required by Section 115.526.2. See Section 115.526.2 (". . . not later than five days after the latest date for *certification* of a candidate by the officer responsible for issuing such certification."). However, as the filing transpired on a Saturday, the Circuit Clerk of St. Louis County was not available to issue a summons "immediately," or on the same day as the filing of Contestant Mosley's Petition. See Mo. 21 Cir. R. 2.1(2) ("The following hours are established for the Office of the Circuit Clerk: 8:00 A.M. to 5:00 P.M. Monday through Friday and on Saturday or after hours for adult abuse as directed by the Circuit Clerk."). Rather, the summons was issued on Tuesday, September 6, 2016, the next day the Circuit Clerk's office was open for business.[4]

Insomuch as a summons was not issued on the same day as the filing of Contestant Mosley's Petition, Contestee English contends the trial court was never accorded jurisdiction because Contestant Mosley did not strictly comply with the election contest statutes, specifically Section 115.533.1. Wright-Jones, 256 S.W.3d at 180. We are unconvinced.

As set forth herein, this court finds Section 115.401 governs and dictates "the latest date for certification" for purposes of a general election—and not Section 115.333, as advocated by Contestee English. Nevertheless, within the confines of a general election contest, whether we were to apply the timeframe set forth in Section 115.401 (tenth Tuesday before a general election) or Section 115.333 (eleventh Tuesday in general election), "the latest date for certification" will always fall on a Tuesday. Consequently, the fourth and fifth days of the five day limitation time period in which to file a verified petition to challenge a general election

---

[4] The intervening Monday, September 5, 2016, was Labor Day and the Circuit Clerk's office was closed. See Section 9.010 (public holidays).

contest, as prescribed by Section 115.526.2, will always fall on a Saturday and Sunday, respectively. Under the auspices of the election contest statutes, it is unambiguously envisioned that a contestant may file a petition on the Saturday or Sunday following the last date of certification.[5]

Accordingly, regardless of the statute this court applies (Section 115.401 or Section 115.333), the timeframe limitations in which to file a petition to dispute a general election contest generates an anomalous and perplexing quagmire—one in which a contestant can file a petition on a Saturday and Sunday and a summons must be issued contemporaneously therewith by the circuit clerk, lest jurisdiction be negated.

Resolution of this quagmire is left unanswered by the election contest statutes. "To the extent that the statutes governing election contests are silent as to the procedural rules to apply in the conduct of such contests, the relevant procedural statutes and rules that apply in all civil actions also apply in governing procedure in election contests." Moore v. Morehead, 666 S.W.2d 460, 461 (Mo. App. W.D. 1984).

As such, turning to Rule 44.01 of the Missouri Rules of Civil Procedure, we find clarification. In computing any period of time prescribed by an applicable statute, Rule 44.01(a) advises "[t]he last day of the period so computed is to be included, unless it is a Saturday, Sunday or a legal holiday, in which event the period runs until the end of the next day which is neither a Saturday, Sunday nor a legal holiday." Rule 44.01(a). Under Rule 44.01(a), the five day time limitation a contestant has to file a petition to impugn a general election contest,

---

[5] Certainly, we need not apprise our fellow branch of government of our circuit clerks' business hours, as the Legislature operates on similar hours. The propriety of the Legislature in enacting such a statutory construct is not this court's purview, but the idiosyncratic paradigm merits acknowledgement.

7

pursuant to Section 115.526, is extended to the "next day which is neither a Saturday, Sunday nor legal holiday."  Rule 44.01(a).

Hence, herein, Contestant Mosley had until Tuesday, September 6, 2016 in which to file his Petition.  Without dispute, Contestant Mosley filed his Petition, via electronic filing, on September 3, 2016.  Although filed on September 3, 2016, Contestant Mosley's Petition was to be deemed filed on September 6, 2016.  See Rule 43.02(d)(4) ("Electronic filings received at the court before 4:00 p.m. *of a regular workday* are deemed filed as of that day.  Filings received after 4:00 p.m. are deemed filed on the *next regular Court workday*.") (emphasis added).[6]  As such, the summons was to be issued "immediately," or on September 6, 2016.  See Hart, 583 S.W.2d at 552.  The summons was, indeed and indisputably, issued on September 6, 2016, in strict compliance with Section 115.533.1.

Therefore, as Contestant Mosley strictly complied with the election contests statutes, the trial court was conferred jurisdiction.  Corollary, this court too has jurisdiction to entertain this appeal.  City of St. Peters v. Dept. of Nat. Res. of State of Mo., 797 S.W.2d 514, 517 (Mo. App. W.D. 1990) ("This court's jurisdiction derives from that of the circuit court.").

**Point I:  Contestant Mosley's Petition was Timely Filed.**

Contestant Mosley's sole point on appeal claims the trial court erred as a matter of law in granting Contestee English's motion to dismiss.  As indicated by this only point, the determinative issue on appeal is whether Contestant Mosley timely filed his Petition challenging the qualifications of Contestee English to appear on the November 8, 2016 general election

---

[6] The advent of electronic filing is of no consequence in these circumstances.  Electronic filing only provides contestants the opportunity and the ability to file their petitions on Saturday, Sunday, or a legal holiday, instead of having to await the opening of the courthouse doors.  However, if a contestant were to file his petition on Saturday, Sunday, or legal holiday said filing will be deemed filed on the "next regular Court workday."  Rule 43.02(d)(4).

8

ballot. Contestant Mosley insists Section 115.401 controls, whereas, Contestee English argues Section 115.333 governs.

*Standard of Review*

Upon appeal from a trial court's grant of a motion to dismiss, the standard of review by an appellate court is *de novo*. Progress Mo., Inc. v. Mo. Senate, 494 S.W.3d 1, 4 (Mo. App. W.D. 2016). *De novo* review compels this court to consider the merits of the motion to dismiss under the same standard applied by the trial court when considering the issue. Bugg v. Rutter, 330 S.W.3d 148, 152 (Mo. App. W.D. 2010).

*Analysis*

"Section 115.526 'provides the statutory mechanism for candidates to challenge the qualifications of any other candidate to the same office.'" Chastain, 462 S.W.3d at 819 (quoting State v. Young, 362 S.W.3d 386, 394 (Mo. banc 2012)). Specifically, Section 115.526 fashions a statutory cause of action, authorizing a candidate "to challenge the qualifications of any other candidate to the same office[.]" Young, 362 S.W.3d at 394; see also Chastain, 426 S.W.3d at 819 ("Section 115.526 thus describes the exclusive process by which one *candidate* for office can challenge the qualifications of another for the same office.") (emphasis added).

Subsection 1 of Section 115.526 establishes the exclusive procedure for candidates in a primary, general, or special elections to challenge declarations of candidacy and qualifications of their opponents. Chastain, 462 S.W.3d at 819. In operable part, Section 115.526.1 states "any candidate for election to an office at a general or special election may challenge the declaration of candidacy or qualifications of any other candidate for election to the same office to seek or hold such office or to have his name printed on the ballot." Section 115.526.1.

9

Subsection 2 of Section 115.526 sets forth the relevant timeframe within which a candidate must challenge the qualifications of another candidate for the same office. Chastain, 462 S.W.3d at 819. In pertinent part, Section 115.526.2 mandates a candidate file a verified petition challenging his or her opponent of a *general election* with the circuit court "not later than five days after the latest date for *certification* of a candidate by the officer responsible for issuing such certification." Section 115.526.2 (emphasis added).[7]

Here, Contestant Mosley and Contestee English do not dispute the Secretary is the "officer responsible for issuing such certification." Section 115.526.2. However, Contestant Mosley and Contestee English do dispute the consequent statute fixing "the latest date for *certification* of a candidate[.]" Id. (emphasis added). Resolution of this dispositive issue hinges upon this court's interpretation thereof.

Contestant Mosley contends his Petition challenging the qualifications of Contestee English was timely, in that it was filed within five days of the Secretary's certification. In support thereof, Contestant Mosley directs this court's attention to Section 115.401. Pursuant to Section 115.401, "[n]ot later than the tenth Tuesday prior to each general election, the secretary of state shall send to each election authority a *certified* list containing the name and address of each person who has filed a declaration of candidacy in the secretary of state's office and is entitled to be voted for at the general election . . . ." Section 115.401 (emphasis added). Under Contestant Mosley's proposed interpretation, Contestant Mosley's Petition would, indeed, be timely, because said Petition was filed within five days of the tenth Tuesday (August 30, 2016) before the November 8, 2016 general election.

---

[7] The election contest statutes omit a definition for "certification."

10

To the contrary, Contestee English maintains Contestant Mosley's Petition challenging the qualifications of Contestee English was untimely, in that it was filed more than five days after the Secretary's certification. In support thereof, Contestee English directs this court's attention to Section 115.333. Pursuant to Section 115.333, [w]hen any petition is filed with the secretary of state or an election authority under this provision of this subchapter, the secretary of state or the election authority shall, not later than the eleventh Tuesday prior to the general election, issue a statement setting forth such person's *determination*." Section 115.333.1 (emphasis added). Under Contestee English's proposed interpretation, Contestant Mosley's Petition would, indeed, be untimely, because said Petition would have been filed more than five days after the eleventh Tuesday (August 23, 2016) before the November 8, 2016 general election.

In resolving this conflict, we revert to our canons of statutory interpretation. "This Court's primary rule of statutory interpretation is to give effect to legislative intent as reflected in the plain language of the statute at issue." Parktown Imp., Inc. v. Audi of Am., Inc., 278 S.W.3d 670, 672 (Mo. banc 2009). The words used are to be given their plain and ordinary meaning. Mo. ex rel. Bouchard v. Grady, 86 S.W.3d 121, 123 (Mo. App. E.D. 2002). We are instructed to construe statutes in a manner so as to avoid unreasonable, oppressive, or absurd results. Id. "The entire legislative act must be construed together, and if reasonably possible, all provisions must be harmonized." Id.

As noted, supra, and as confessed in the trial court's Judgment, "certification" is never defined by the election contest statutes. This court, nonetheless, is not without principles needed to ascertain and effectuate the legislative intent. State v. Sistrunk, 414 S.W.3d 592, 601 (Mo. App. E.D. 2013). Generally, in such a scenario, we call upon the assistance of the dictionary in

11

determining the ordinary meaning of statutory language; we concede, however, "dictionary definitions are often not the final source of guidance as the plain and ordinary meaning of a word does not necessarily equate to its dictionary definition." Lutes v. Schaefer, 431 S.W.3d 550, 556 (Mo. App. E.D. 2014).

The dictionary definition of "certification" reads: "1: the act of certifying: the state of being certified[;] 2: a certified statement." MERRIAM–WEBSTER ONLINE DICTIONARY. 2016. http:// merriamwebster.com (12 October 2016).[8] Here, the dictionary definition of certification offers significant guidance favoring Contestant Mosley's proposed interpretation, in that Section 115.401 speaks in terms of "a *certified* list." On the contrary, Section 115.333 speaks in terms of a "statement setting forth such person's *determination.*"

In order to accede to Contestee English's proposed interpretation, this Court would be required to equate the term "certification" with "determination." That, this Court cannot do, because "[w]hen different terms are used in different subsections of a statute, presumably, the legislature intended the terms to have different meaning and effect." Cook v. Newman, 142 S.W.3d 880, 892 (Mo. App. W.D. 2004) (*en banc*).

Accordingly, we adopt Contestant Mosley's interpretation and hold Section 115.401 dictates the timeframe for a contestant to file a petition challenging a general election contest under Section 115.526.2.

Therefore, this court finds that under Section 115.401, the deadline, or "latest date" for the Secretary to issue his or her statement of "certification" that Contestee English qualified as a candidate is ten weeks prior to the general election, or August 30, 2016. Thus, under Section

---

[8] We recognize Contestee English directs this court to the same source we cite, herein. Curiously, though, Contestee English cites to the "simple definition" rather than the "full definition." Regardless, neither definition substantiates Contestee English's proposed interpretation.

115.526.2, Contestant Mosley was required to file his Petition "not later than five days after" August 30, 2016.  Here, Contestant Mosley's Petition was timely filed, and the trial court erred in dismissing the Petition as untimely.[9]

## CONCLUSION

For the foregoing reasons, the Judgment of the trial court is, hereby, reversed and remanded for further proceedings consistent with this opinion.

_____
Lisa P. Page, Judge

Roy L. Richter, P.J. and
James M. Dowd, J., concur.

---

[9] Insomuch as the Judgment of the trial court did not adjudicate Contestee English's alternative theories lodged in support of his Motion to Dismiss, we need not dispose of those issues in this appeal.  Whether Counts II and III of Contestant Mosley's Petition survive, we leave for the trial court's determination on remand.