

# In the Missouri Court of Appeals
# Eastern District

<u>DIVISION FOUR</u>

| | | |
|---|---|---|
| TONIE M. TOWNSEND, | ) | No. ED107660 |
| | ) | |
| Appellant, | ) | Appeal from the Circuit Court |
| | ) | of Jefferson County |
| v. | ) | Cause No. 17JE-SC00218-02 |
| | ) | |
| JEFFERSON COUNTY SHERIFF'S | ) | Honorable Jeffrey T. Coleman |
| DEPARTMENT, | ) | |
| | ) | |
| Respondent. | ) | Filed: April 21, 2020 |

## Introduction

This case concerns the interpretation of Section 571.101.2(3)[1] regarding the eligibility for

obtaining a carrying a concealed weapon (CCW) permit. Tonie M. Townsend (Townsend) appeals

the decision of the circuit court, which found Townsend's prior guilty pleas to felony offenses

precluded him from obtaining a CCW permit under this statute. We affirm.

## Background

Townsend applied to the Sheriff of Jefferson County (Sheriff) for a CCW permit under

Section 571.101. On October 30, 2017, the Sheriff denied Townsend's application because

Townsend had pled guilty in 1999 in Missouri to two felony counts of criminal non-support.[2]

---

[1] All statutory references are to RSMo. (Supp. 2013) unless otherwise indicated.
[2] While the parties did not include Townsend's guilty pleas in the legal file, the parties stipulated to these felony guilty pleas.

Townsend appealed the denial of his application to the small claims court of Jefferson County. Townsend submitted proof of a pardon for his two felony convictions, which Governor Jeremiah W. (Jay) Nixon had granted on September 30, 2016.

The Sheriff filed a motion to dismiss on December 17, 2017, arguing that, despite his gubernatorial pardon, Townsend remained ineligible to receive a CCW permit under Section 571.101.2(3), because the pardon did not remove the fact of his guilty pleas. On June 20, 2018, the small claims court granted the Sheriff's motion to dismiss, reasoning that Section 571.101.2(3) allows issuance of a CCW permit only where an individual "[h]as not pled guilty to . . . a crime punishable by imprisonment for a term exceeding one year . . ." in Missouri. The small claims court found Townsend's guilty pleas to felony criminal non-support excluded him from CCW eligibility. After Townsend filed an application for a trial *de novo*, the circuit court again granted the Sheriff's motion to dismiss, finding "[t]here is no other interpretation of the law that would allow the Court to find in favor of [Townsend]." This appeal follows.

## Discussion

Townsend's sole point on appeal is that the trial court misinterpreted Section 571.101.2(3), because an exception in this statute allows a person to receive a CCW permit if he or she has pled guilty to a crime "classified as a misdemeanor under the laws of any state" carrying a prison term of two years or less and not involving a weapon. Townsend argues that because several states other than Missouri classify the crime of criminal non-support as a misdemeanor,[3] he is eligible for a CCW permit.[4] We disagree.

---

[3] These states include Alabama (Ala. Code Section 13A-13-4); California (Cal. Penal Code Section 270); Hawaii (Haw. Rev. Stat. Section 709-903); South Carolina (S.C. Code Section 63-5-20); Virginia (Va. Code Section 20-61); Washington (Wash. Rev. Code Section 26.20.035); and Wyoming (Wyo. Stat. Section 20-3-101).

[4] Townsend also argues criminal non-support is sometimes classified as a misdemeanor in Missouri. Under the current statute, Townsend is correct if the amount owed is not in excess of an aggregate of twelve monthly payments due under an order of support. Section 568.040.5, RSMo. (2017). However, under the laws of Missouri at the time of Townsend's guilty pleas, Townsend's conduct constituted two Class D felony counts of criminal non-support because

2

We review questions of statutory interpretation *de novo.* Dodson v. Ferrera, 491 S.W.3d 542, 551 (Mo. banc 2016) (citing In re Care & Treatment of Coffman, 225 S.W.3d 439, 442 (Mo. banc 2007)). Where the language of a statute is unambiguous, statutory construction is unnecessary, and we give effect to the language as written. Doe v. St. Louis Cmty. Coll., 526 S.W.3d 329, 336 (Mo. App. E.D. 2017) (citing Brady v. Curators of Univ. of Mo., 215 S.W.3d 101, 107 (Mo. App. E.D. 2006)). In so doing, we give the words of the statute their plain and ordinary meaning. Mosley v. English, 501 S.W.3d 497, 505 (Mo. App. E.D. 2016) (citing Mo. ex rel. Bouchard v. Grady, 86 S.W.3d 121, 123 (Mo. App. E.D. 2002)). However, our court will look past the plain and ordinary meaning of a statute when the language is ambiguous, or where the plain meaning will lead to an illogical result. Doe, 526 S.W.3d at 336 (citing Anderson v. Ken Kauffman & Sons Excavating, LLC, 248 S.W.3d 101, 106 (Mo. App. W.D. 2008)). We must interpret a statute in context, not reading any portion of the statute in isolation. Utility Serv. Co., Inc. v. Dept. of Labor and Indus. Relations, 331 S.W.3d 654, 658 (Mo. banc 2011). Additionally, we must construe statutes so as to avoid unreasonable, oppressive, or absurd results. Mosley, 501 S.W.3d at 505 (citing Grady at 123).

Section 571.101.2 states, in relevant part:

2. A certificate of qualification for a concealed carry endorsement . . . shall be issued by the sheriff or his or her designee of the county or city in which the applicant resides, if the applicant:
. . . .
(3) Has not pled guilty to . . . or been convicted of a crime punishable by imprisonment for a term exceeding one year under the laws of any state or of the United States other than a crime classified as a misdemeanor under the laws of any state and punishable by a term of imprisonment of two years or less that does not involve an explosive weapon, firearm, firearm silencer or gas gun . . . .

_____

his arrearage was in excess of $5,000. Section 568.040.4, RSMo. (1994). Class D felonies carry a sentence of imprisonment up to seven years. Section 558.011.1(4).

3

Subsection (3) contains a general disqualification from receiving a CCW permit for anyone who has pled guilty to a crime which authorizes a term of imprisonment in excess of one year, with one exception for convictions in states other than Missouri. Missouri classifies crimes that carry a sentence greater than one year as felonies.[5] Therefore, any individual who has pled guilty to a felony in Missouri is ineligible to receive a CCW permit under this section.

This disqualification also encompasses all individuals who have pled guilty to any federal felony. As in Missouri, federal crimes carrying sentences exceeding one year are classified as felonies.[6]

However, Section 571.101.2(3)'s exception may apply when an individual has pled guilty to a crime in a state other than Missouri. While the general disqualification applies to all crimes carrying a sentence exceeding one year, which encompasses all Missouri and federal felony offenses, other states classify some crimes as misdemeanors that nevertheless carry a sentence greater than one year. Recognizing this possibility, Section 571.101.2 provides that a person can still receive a CCW permit if he or she has pled guilty to "a crime classified as a misdemeanor under the laws of any state and punishable by a term of imprisonment of two years or less," not involving a weapon.

Townsend argues that, rather than applying only to out-of-state guilty pleas, Section 571.101.2(3)'s exception applies to any guilty plea, including his Missouri felony pleas to criminal non-support, and requires a specific examination of the classification of the underlying crime in all other states, regardless of how Missouri classifies the offense. So long as another state classifies his conduct as a misdemeanor punishable by two years of imprisonment or less, Townsend argues Missouri must grant him a CCW permit under Section 571.101.2(3).

---

[5] Section 558.011.
[6] 18 U.S.C. Section 3559(a).

While our Court has acknowledged Section 571.101.2 (RSMo. 2011) is "not a model of clarity," Lumetta v. Sheriff of St. Charles County, 413 S.W.3d 718, 720 (Mo. App. E.D. 2013), we find Townsend's interpretation of the phrase "other than a crime classified as a misdemeanor under the laws of any state" is illogical and ignores the context of Section 571.101.2(3). See Utility Serv. Co., Inc., 331 S.W.3d at 658 (stating the court must interpret statutes in context and not read any portion thereof in isolation). Townsend's interpretation of the statute would allow individuals who have pled guilty to felony offenses in Missouri to compel the State of Missouri to issue a CCW permit where any *other* state classifies such criminal conduct as a misdemeanor. This Court declines to presume that the Missouri Legislature delegated its authority to classify criminal conduct as either a misdemeanor or a felony to the legislatures of the other 49 sovereign states. Moreover, when read in its entirety, Section 571.101.2 makes evident that the Missouri Legislature's intent was to restrict CCW permits from individuals convicted of felonies, while at the same time accounting for the fact that other states may punish some misdemeanors more severely than Missouri.[7] The Missouri Legislature delineated this exception to account for such differences in other states' sentencing so as to avoid unduly disqualifying persons convicted of misdemeanors. It includes no intent to require the Sheriff to search the laws of all 50 states to determine the effect of a Missouri felony guilty plea on a CCW permit application.

Under Section 571.101.2(3), Townsend is disqualified from receiving a CCW permit as he pled guilty to two felony counts of criminal non-support in Missouri in 1999.[8] It is immaterial that

---

[7] We also acknowledge that states other than Missouri may classify certain crimes as felonies, but authorize a term of imprisonment for those crimes of one year or less. See, e.g., Md. Code Crim. L. Sections 3-102, 3-104 (crime of assisted suicide is a felony punishable by a maximum term of one year imprisonment).

[8] While Townsend received a gubernatorial pardon in 2016 for his two felony criminal non-support convictions, a pardon does not remove a guilty plea. See Hill v. Boyer, 480 S.W.3d 311 (Mo. banc 2016) (holding where a statute disqualifies an individual due to the fact of a guilty plea, rather than a conviction, a pardon does not remove the disqualification). Section 571.101.2(3) disqualifies individuals who were convicted of *or* who pled guilty to felony offenses. Because Townsend's felony pleas remain even after his pardon, he is still disqualified from obtaining a CCW permit. See Guastello v. Dep't of Liquor Control, 536 S.W.2d 21, 23, 24 (Mo. banc 1976) (first adopting the

other states may classify criminal non-support as a misdemeanor.[9]  Point denied.

<u>Conclusion</u>

The trial court correctly interpreted Section 571.101.2(3) to find that a plea of guilty to a Missouri offense authorizing a term of imprisonment in excess of one year disqualifies an individual from receiving a CCW permit in Missouri, without considering other states' classification of the same criminal conduct.  Because Townsend pled guilty to two Class D felonies in 1999, he is ineligible for a CCW permit under Section 571.101.2(3).  The trial court did not err in dismissing Townsend's appeal.  We affirm.

_____

Gary M. Gaertner, Jr., Judge

James M. Dowd, P.J. and
Robin Ransom, J., concur.

---

view that an executive pardon obliterates the fact of conviction but not of guilt).  Only the Missouri Legislature can change this outcome.

[9] Townsend further argues we must interpret Section 571.101 in accordance with his fundamental liberty interest, the right to bear arms.  However, Townsend first raised this argument on appeal.  "There are stringent procedural requirements regarding the raising and preservation of constitutional issues."  <u>MB Town Ctr. v. Clayton Forsyth Foods</u>, 364 S.W.3d 595, 603 (Mo. App. E.D. 2012).  Constitutional challenges are waived if not raised at the earliest possible opportunity.  <u>State ex rel. York v. Daugherty</u>, 969 S.W.2d 223, 224 (Mo. banc 1998).  Because Townsend's constitutional claim was not raised at the first opportunity, it is waived and our Court cannot review it on appeal.  <u>MB Town Ctr.</u>, 364 S.W.3d at 603.

Townsend also argues that our interpretation of Section 571.101.2 must accord with the rule of lenity, and therefore our Court must resolve any ambiguity in the language in Townsend's favor.  However, the rule of lenity is inappropriate here, as our courts apply the rule to statutes which define criminal behavior, involve sentencing, or possibly where the violation of a civil statute involves penal consequences.  <u>Kersting v. Replogle</u>, 492 S.W.3d 600, 605 (Mo. App. W.D. 2016).  Because Section 571.101.2 does none of these, the rule of lenity is inapplicable.